## H. B. CLAFLIN CO. v. UNITED STATES.

### (Circuit Court of Appeals, Second Circuit.   March 10, 1902.)

### No. 47.

CUSTOMS DUTIES—FIGURED COTTON CLOTH.

Tariff Act 1897, par. 313, imposing an additional duty on "cotton cloth in which other than the ordinary warp and filling threads have been introduced in the process of weaving to form a figure," applies to cotton goods, known as "Madras" or "damask" goods, which are "ornamental, with spots or figures woven in by independent filling threads introduced for that purpose"; the threads not being an integral part of the fabric, and the portions not needed to make the figure being cut off after the weaving process is concluded.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Appeal by the H. B. Claflin Company from a decision of the United States circuit court for the Southern district of New York (109 Fed. 562), affirming a decision of the board of United States general appraisers, which sustained the action of the collector and overruled the protests of the appellants.

Albert Comstock, for appellants.

Chas. D. Baker, for the United States.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM.   The question in this case is the same as that involved in the case of Mills v. U. S., 114 Fed. 257, and is whether the additional duty imposed by paragraph 313 of the tariff act of July 24, 1897, upon a certain class of cotton woven fabrics, was properly assessed upon cotton goods, known as "Madras" or "damask" goods, which are "ornamental, with spots or figures woven in by independent filling threads introduced for that purpose, portions of which threads have been afterwards cut away." The circuit court further found that in the figured Madras goods "the figure is made by means of a shuttle carrying an independent thread, and thrown back and forth through the warp threads. These threads, however, are independent in the sense that they are not an integral part of the fabric, and the portions not needed to make the figure are cut off after the weaving process is concluded." The circuit judge, in discussing the meaning of the word "ordinary," as used in paragraph 313, said:

"I think that the word 'ordinary,' as applied to such [warp and filling] threads, means those threads which ordinarily enter into the construction of the ordinary plain fabric, and which cannot be removed without destroying its integrity, as distinguished from extraordinary threads, which are not an integral part of the fabric, but which, as in the case of lappets and dotted Swisses, are independent threads introduced to form a figure, and for no other purpose."

This is in harmony with the construction which was given by this court to paragraph 313 in the Mills Case. The result is that the assessment of duty upon Madras goods is sustained, and that the decision of the circuit court is affirmed.