# UNITED STATES v. RIGGS.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 167.   Argued October 23, 1906.—Decided November 12, 1906.

Under par. 313, as construed in connection with pars. 306, 307 of the Tariff Act of July 24, 1897, figured cotton cloth is subject not only to the specific duties imposed by par. 313, but also to the *ad valorem* duty imposed by pars. 306, 307.

The evident purpose of these paragraphs precludes the application of the rule that any doubt as to the construction of a tariff statute should be resolved in favor of the importer.

136 Fed. Rep. 583, reversed.

THE facts are stated in the opinion.

*Mr. Assistant Attorney General McReynolds,* for the United States:

The history of tariff legislation and the connection in which it appears make the meaning of par. 313 sufficiently clear. Act 1865, 13 Stat. 208; act 1883, 22 Stat. 505, 506; act 1890, 26 Stat. 591, pars. 344, 348; act 1894, 28 Stat. 527, pars. 252–257; *Hedden* v. *Robertson,* 151 U. S. 520, 526; *United States* v. *Albert,* 60 Fed. Rep. 1012; *Claflin* v. *United States,* 109 Fed. Rep. 562; *S. C.,* 114 Fed. Rep. 257.

The amount and character of the duty imposed is made sufficiently manifest by the language of par. 313; the use of the word "value" was unnecessary.

The protective character of tariff laws and the policy of Congress to impose higher duties upon finer articles and to increase the same as additional processes enter into their manufacture, have been frequently recognized. *Arnold* v. *United States,* 147 U. S. 497; *Tidewater Oil Co.* v. *United States,* 171 U. S. 219; *Bensusan* v. *Murphy,* 10 Blatchf. 580; Fed. Cas., 1329, distinguished.

The construction of par. 313 advocated by respondents

would subject high-priced figured cottons to less duty than cheaper plain goods—an absurd result which should be avoided.

A result so preposterous plainly indicates the unsoundness of the construction which would occasion it. *Bate R'f'g Co.* v. *Sulzberger,* 157 U. S. 1, 37; *Knowlton* v. *Moore,* 178 U. S. 41, 77.

The rule that duties should not be imposed upon vague or doubtful interpretations is inapplicable.

The intention of Congress being clear, any ambiguity of language should have been resolved in harmony therewith. Little doubts do not justify conclusions nullifying the manifest purpose of the lawmakers. The intent of the lawmaker is the law. *Jones* v. *Guaranty and Indemnity Co.,* 101 U. S. 626. Where the intent is plain the law should be construed in harmony therewith. Every doubt or dispute is not to be resolved in favor of the importer. *Newman* v. *Arthur,* 109 U. S. 132; *Hedden* v. *Robertson,* 151 U. S. 520; *United States* v. *Wetherell,* 65 Fed. Rep. 987, 990.

*Mr. W. Wickham Smith,* with whom *Mr. John K. Maxwell* was on the brief, for respondent:

Where the language of a statute is plain and unambiguous, it is the duty of the court to enforce it according to the obvious meaning of the words, without attempting to change it by adopting a different construction based upon some supposed policy of Congress in regard to the subject of legislation. *Bate Refrigerating Co.* v. *Sulzberger,* 157 U. S. 1.

If there be any doubt at all as to the construction of the statute (and we submit there is not), that doubt cannot be resolved in favor of the imposition of a higher tax. *United States* v. *Wigglesworth,* 2 Story, 369; *Rice* v. *United States,* 53 Fed. Rep. 910; *Hartranft* v. *Wiegmann,* 121 U. S. 609; *Matheson* v. *United States,* 71 Fed. Rep. 394; *United States* v. *Davis,* 54 Fed. Rep. 147; *Adams* v. *Bancroft,* 3 Sum. 384; *McCoy* v. *Hedden,* 38 Fed. Rep. 89.

Mr. Justice Holmes delivered the opinion of the court.

This case comes here on a certiorari granted to bring up a decision of the Circuit Court of Appeals affirming the decision of the Circuit Court and reversing that of a Board of United States General Appraisers. The respondents imported "cotton cloth in which other than the ordinary warp and filling threads have been introduced in the process of weaving to form a figure," to quote the words of paragraph 313 of the Tariff Act of July 24, 1897, c. 11, 30 Stat. 175, 178. The Collector and Board of General Appraisers decided this cloth was liable to a duty of two cents per square yard under that paragraph and also, the different items being valued at over eleven, twelve and twelve and a half cents per square yard, to the *ad valorem* tax imposed by paragraphs 306 and 307 upon similar plain cloth above those values. The Circuit Court of Appeals, while admitting its belief that Congress intended to place an extra duty on figured cloth, felt bound to decide, upon the language of paragraph 313, that the tax placed by it upon figured cloth was to be added only to specific taxes imposed on less valuable cloths by paragraphs 306 and 307.

To explain: By paragraph 306 cotton cloth not bleached, etc., exceeding one hundred and not exceeding one hundred and fifty threads to the square inch, etc., and not exceeding four square yards to the pound, pays one and a half cents per square yard, with an increasing rate as the number of yards to the pound increases. But a proviso substitutes for the foregoing a different set of duties on all cotton cloth with the same count of threads, not bleached, etc., if valued above a certain sum, for instance, if over nine cents per square yard, thirty per centum *ad valorem*, if over eleven, thirty-five, etc. Paragraph 307 is similar in form for cloths with between one hundred and fifty and two hundred threads.

By paragraph 313 figured cloth "shall pay, in addition to the duty herein provided for other cotton cloth of the same

description, or condition, weight, and count of thread to the square inch, one cent per square yard if valued at not more than seven cents per square yard, and two cents per square yard if valued at more than seven cents per square yard." In the judgment appealed from it is assumed that the cloth in question, as figured cloth, is liable to this duty, and that, in deciding what such cloth shall pay, the collector must start from this paragraph. This paragraph must decide to what other duty the one here levied shall be added. If it stopped with the words "other cotton cloth of the same description, or condition," no doubt the tax might be added to an *ad valorem* tax when that would be required by paragraph 306 or 307. Those words might be taken to indicate cloth of similar value in cases within the provisos as well as goods of similar weight taxed under the first part of paragraphs 306 and 307. But as general words they would include weight as readily as value; and the mention of weight and count shows that they are used in a narrower sense, for instance, to indicate quality, as bleached or otherwise. Hence the criteria for the duty to which that under 313 is to be added all point to a specific duty alone; and these criteria therefore must determine for figured cloths the duty to which they are liable under paragraphs 306 and 307. You must not alter words in the interest of the imagined intent, and the importers are entitled to the benefit of even a doubt.

In spite of this reasoning, no one, we take it, has any serious doubt that paragraph 313 was not intended to affect or cut down duties already imposed in clear though general terms. The provisos of the earlier paragraphs are made applicable to "all cotton cloths" of the sorts described, in so many words. The qualified reading is due to scruples that hardly would occur except to the professional mind. As against those scruples, it is to be observed, in the first place, that the clauses to which we have referred and their neighbors, to go no further into the general scheme of the Tariff Act, consistently raise the amount of the tax on cotton cloth

as the cloth becomes more expensive, and that it would reverse the tendency and go counter to the intent expressed everywhere else, if in this instance the more valuable goods were withdrawn from the general tax imposed upon their class. . It is said that, in some cases, the construction contended for even would make the duty on figured cotton of a high price less than that on cheap cloth. .

In the next place, if the language of paragraph 313 is not broad enough to apply to both classes of duty previously imposed, the easier contention would seem to be that the additional duty created by it was put only upon the first class, that of the cheaper goods taxed by weight, rather than that it cut down what already had been made clear. Such a notion would be disposed of by the fact that paragraph 313 applies to all cotton cloth and to all values, higher as well as lower than seven cents, and by other considerations not necessary to state. But if anything had to yield it would be paragraph 313.

The artificial doubt is raised by assuming that the collector must start with the first part of paragraph 313 and find out what his assessments are to be from that alone. That is a mistake. He has before him the whole act. He has been told in the earlier paragraphs in unmistakable language that all cotton cloth with this number of threads and above a certain value must pay thirty or thirty-five cents *ad valorem.* Then comes this paragraph, which on its face purports to make an addition to some tax which it assumes to have been imposed by the earlier ones. It is intended to hit all cotton cloths and all values, and it is intended to be added to a tax already imposed. But this would not be the case if the presence of a figure in the cloth changed the rate established by the preceding scheme.

The truth is, as pointed out in the argument for the Government, that the element of value is woven through the whole tissue of the act. The collector does not know what duty to assess, even under 313, without a valuation. It can-

not be found out what "the duty herein provided" is, or whether it is specific or *ad valorem*, without making a valuation under the previous paragraphs, just as if 313 did not exist. Paragraphs 306 and 307 tell the collector to make it on all cotton and to assess a duty on all cotton above a certain value after the valuation is made. Paragraph 313 assumes the duty imposed by 306 and 307 to have been assessed. As against these plain directions, coupled with the manifest intent of the act, the failure to mention value along with weight raises no serious doubt in our minds.

*Decree reversed.*