UNITED STATES v. RUSCH & CO.    SAME v. TITUS BLATTER & CO.

SAME v. QUAINTANCE.

(Circuit Court of Appeals, Second Circuit.    January 12, 1909.)

Nos. 92, 99, 100 (4,736, 5,090, 5,091).

CUSTOMS DUTIES (§ 32*)—CLASSIFICATION—COTTON CLOTH WITH COLORED FIGURES.

In Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 313, 30 Stat. 178 (U. S. Comp. St. 1901, p. 1659), providing a duty on figured cotton cloth in addition to the duty "provided for other cotton cloth of the same description, or condition," the intention is to impose an extra duty in addition to that imposed on "other cotton cloth of the same * * * condition," etc., which has not been figured; and where the fabric is colored, but the coloring is given by the threads used to form the figures, such extra duty should be added to the duty applicable to uncolored, rather than colored, cottons.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 32.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

In the first of these causes the Board of General Appraisers decided in favor of the importer. G. A. 6,492 (T. D. 27,762). In the other two, on a fuller record, it decided in favor of the government. G. A. 6,670 (T. D. 28,447). The Circuit Court decided all three causes in favor of the importer, and from those decisions this appeal is taken.

For decision below, see 160 Fed. 279.

J. Osgood Nichols, Asst. U. S. Atty.

Comstock & Washburn (Albert H. Washburn, of counsel), for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The goods in question are cotton cloths in which all the ordinary warp and filling threads, whether bleached or unbleached, which form the foundation, are not colored; the foundation being embellished with designs composed entirely of colored threads interwoven with and superimposed upon the warp and filling threads to form colored figures of greater or less elaboration. Sometimes the figures are few and small, but always substantial enough to modify the plain goods. Sometimes they cover much the greater part of the foundation, so that the fabric appears to the eye as a colored one with white ornamentation. The additional threads composing the colored design are woven in the loom at the same time as the rest of the fabric.

The relevant provisions of the tariff act of 1897 are the "countable cotton" paragraphs and paragraphs 310 and 313 (Act July 24, 1897, c. 11, § 1, Schedule I, 30 Stat. 178 [U. S. Comp. St. 1659]), which read as follows:

"307. Cotton cloth not bleached, dyed, colored, stained, painted, or printed, exceeding one hundred and fifty and not exceeding two hundred threads to the square inch, counting the warp and filling, and not exceeding three and one-half square yards to the pound, two cents per square yard; exceeding three and one-half and not exceeding four and one-half square yards to the pound, two and three-fourths cents per square yard; exceeding * * * if bleached, and not exceeding three and one-half square yards to the pound, two and three-fourths cents per square yard; exceeding three and one-half and not exceeding four and one-half square yards to the pound three and one-half cents per square yard; exceeding * * * if dyed, colored, stained, painted, or printed, and not exceeding three and one-half square yards to the pound, four and one-fourth cents per square yard; exceeding three and one-half and not exceeding four and one-half square yards to the pound, four and one-half cents per square yard; exceeding * * * : Provided, that on all cotton cloth exceeding one hundred and fifty and not exceeding two hundred threads to the square inch, counting the warp and filling, not bleached, dyed, colored, stained, painted, or printed, valued at over ten cents per square yard, thirty-five per centum ad valorem; bleached, valued at over twelve cents per square yard, thirty-five per centum ad valorem; dyed, colored, stained, painted, or printed, valued at over twelve and one-half cents per square yard, forty per centum ad valorem."

The blanks in the above quotation refer to goods of different weights.

Paragraphs 305, 306, 308, and 309 are similar in structure, dealing with cloths of varying count of threads to the square inch, from 50 to 400.

"310. The term 'cotton cloth,' or 'cloth,' wherever used in the paragraphs of this schedule, unless otherwise specially provided for, shall be held to include all woven fabrics of cotton in the piece or otherwise, whether figured, fancy, or plain, the warp, and filling threads of which can be counted by unraveling or other practicable means."

"313. Cotton cloth in which other than the ordinary warp and filling threads have been introduced in the process of weaving to form a figure, whether known as lappets or otherwise, and whether unbleached, bleached, dyed,

colored, stained, painted, or printed, shall pay, in addition to the duty herein provided for other cotton cloth of the same description, or condition, weight, and count of threads to the square inch, one cent per square yard if valued at not more than seven cents per square yard, and two cents per square yard if valued at more than seven cents per square yard."

Two decisions of the Supreme Court dealing with similar countable cotton clauses in an earlier tariff act, which did not contain the provisions of paragraphs 310 and 313, are helpful to a conclusion. In Newman v. Arthur, 109 U. S. 132, 3 Sup. Ct. 88, 27 L. Ed. 883, there were presented certain "cotton Italians," which were twilled and had upon them different figures and designs made in the weaving. It was contended, and proof was introduced to show, that it was not the custom of merchants to buy and sell such goods or determine the value thereof by the number of threads to the square inch; also that in some cases such number could not be ascertained by the use of the magnifying glass, which was the means used by merchants to determine a count of threads. The court held, however, that the goods were dutiable under the countable clause, "although the number of threads constituting the warp and woof or filling could only be counted by cutting out a square inch of the cloth and count the unraveled threads." Evidently the provisions of the "countable cloths" paragraphs are to be construed as descriptive rather than denominative, and indeed both sides seemed to concede this on the argument.

Subsequently there came before the Circuit Court in the Southern District of New York woven cotton cloth, the groundwork of which was uniform and upon which were figures or patterns woven into it by means of a Jacquard attachment contemporaneously with the weaving of the fabric. These figures in some instances covered more than half the surface of the goods. That court held that the figures were just as much cotton cloth as the ground was, and threads composing them as much entitled to a count; that in consequence the fabric was not homogeneous, as a count made within one square inch would vary greatly from counts made in other square inches. The conclusion was reached that the goods were not within the countable paragraphs, because there could be no uniform count of the threads. Robertson v. Hedden (C. C.) 40 Fed. 322. The Supreme Court, however, reversed this ruling, holding that:

"The groundwork being cotton cloth within the terms and provisions of the statute, and the threads thereof being countable, the goods were dutiable, by the express language of the statute, at the rate which was exacted by the collector. * * * In other words, the ornamentation placed upon the groundwork of the fabric does not change its character as cotton cloth, subject to the countable clauses of the statute." Hedden v. Robertson, 151 U. S. 520, 14 Sup. Ct. 434, 38 L. Ed. 257.

This decision was rendered before paragraph 313 or its equivalent was inserted in tariff legislation. Apparently such insertion was intended to prevent the figured—and relatively more valuable—goods from coming in at a rate of duty less than they ought properly to pay by reason of considering the groundwork only in classifying the fabric under the countable paragraphs. Of that paragraph (313) this court held that the word "ordinary," as therein applied to "warp and filling threads," means those threads which ordinarily enter into the

construction of the ordinary plain fabric and which cannot be removed without destroying its integrity, as distinguished from extraordinary threads, which are not an integral part of the fabric, but are independent threads introduced to form a figure and for no other purpose. Claflin v. United States, 114 Fed. 259, 52 C. C. A. 94.

The language of the paragraph (313) seems to us quite clearly to express the idea that cotton cloth which has been differentiated from ordinary cotton cloth by the introduction in the weaving of other threads to form a figure shall pay the specified extra duty in addition to that imposed on the other cotton cloth of the same description, condition, weight, and count of threads to the square inch, which has not been thus differentiated. With the goods now before us, if the differentiating addition were eliminated, we would have bleached cotton cloth of a certain weight and count to the square. The duty on such cotton cloth plus the additional duty specified in paragraph 313 is the amount which should be assessed.

It should be noted that the importers concede that if there were any colored threads in the ordinary warp and filling the cotton cloth would be no longer plain bleached or unbleached, but colored; and certain samples covering such goods are withdrawn from consideration. The concession is a proper one and in accord with our conclusions.

The questions presented upon this appeal are not discussed in United States v. Riggs, 203 U. S. 136, 27 Sup. Ct. 39, 51 L. Ed. 127, and we find nothing in that decision which calls for any modification of what has been said supra.

Decision affirmed.