UNITED STATES v. WIGMORE et al.

No. 2499–BH.

District Court, S. D. California, C. D.

Jan. 5, 1943.

Leo V. Silverstein, U. S. Atty., Edward H. Mitchell, Asst. U. S. Atty., and Eugene H. Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for plaintiff.

Burr & Smith, of Los Angeles, Cal., for Philip Grey Smith, admr. of estate of Olive Wills Wigmore, deceased.

HARRISON, Judge.

In this action the government seeks to recover income taxes for the years 1933 and 1940, from the estate of Olive Wills Wigmore. The administrator with will annexed admits the liability of the estate for the year 1940 but alleges that the recovery for the year 1933 is barred by the statute of limitations. The government contends that while the income tax was not assessed until 1936, the taxpayer, Olive Wills Wigmore, had executed a waiver the pertinent part of which is as follows:

"Consent Fixing Period of Limitations Upon Assessment of Income and Profit Tax.

"Cleveland, Ohio, January 17, 1936.

"In pursuance of the provisions of existing Internal Revenue Laws J. A. Wigmore, a taxpayer (or taxpayers) of Chesterland, Coauga County, Ohio, and the Commissioner of Internal Revenue hereby consent agree as follows:

"That the amount of any income, excess-profits, or war-profits taxes due under any return (or returns) made by or on behalf of the above-named taxpayer (or taxpayers) for the taxable year (or years) 1933 under existing acts, or under prior revenue acts, may be assessed at any time on or before June 30, 1937, except that, if a notice of a deficiency in tax is sent to said taxpayer (or taxpayers) by registered mail on or before said date, then the time for making any assessment as aforesaid shall be extended beyond the said date by the number of days during which the Commissioner is prohibited from making an assessment and for sixty days thereafter.

"J. A. Wigmore
Taypayer

"Olive W. Wigmore
Taypayer

"By .....................

"Guy T. Helvering
"Commissioner of Internal Revenue

"(SEAL)

"By A.C.C.–January 31, 1936

"If this consent is executed with respect to a year for which a joint return of a husband and wife was filed, it must be signed by both spouses, except that one spouse may sign as the agent for the other. * * *"

The sole question for determination in this action is whether or not the estate of Olive Wills Wigmore is bound by the above waiver. The administrator contends that inasmuch as Mrs. Wigmore is not named in the document she is not bound by the same, on the other hand, the government claims that as there was but one return filed in 1933 by the Wigmores, it was undoubtedly her intent in signing said waiver to be bound thereby.

The evidence discloses that a joint return was filed in the year 1933 by Mr. and Mrs. Wigmore and each signed the same.

[1] While such waiver or consent is not a contract but essentially a voluntary, unilateral waiver of a defense by the taxpayer, (Florsheim Bros. Dry Goods Co. v. United States, 280 U.S. 453, 50 S.Ct. 215, 74 L.Ed. 542) at the same time, I see no reason why the rules applicable to the construction of a contract should not apply to the construction and effect of a waiver. Stange v. United States, 282 U.S. 270 at page 275, 51 S.Ct. 145, 75 L.Ed. 335.

There appears to be a pausity of authorities dealing with the effect of an agreement signed by a party not named therein as a party, but in 6 R.C.L. page 875, I find the following language used: " * * * If a contract states distinctly that it is between two designated parties, the fact that another person's name appears at the end of the · contract with that of the parties does not make it his contract. * * *"

Citing as authority for such statement the case of Shriner v. Craft, 166 Ala. 146, 51 So. 884, 885, 28 L.R.A.,N.S., 450, 139 Am.St.Rep. 19, wherein the court made the following statement:

"The first assignments of error insisted on (numbered 1 and 2) are to the sustaining of the demurrer of Mary R. Shriner, on the ground that the complaint shows on its face that Mary R. Shriner was not a party to the contract sued on, and the third, fourth, and fifth assignments relate to the same subject, to wit, to the refusal of the court to grant the motion for a discontinuance of the case, because of the amendment of the complaint, by striking out the name of said Mary R. Shriner.

"There was no error in either action of the court. The contract sued on is set out in the complaint, and it states distinctly that it is between W. A. Shriner and John Craft. The fact that Mary R. Shrin-

er's name appears at the end of the contract with W. A. Shriner does not make it her contract. * * *"

See also 17 C.J.S., Contracts, § 346, p. 803. If the above rule is to prevail the estate of Mrs. Wigmore is not liable.

The only analogous federal case called to my attention is the case of Commissioner v. Bryson, 9 Cir., 79 F.2d 397, 402, wherein Judge Denman in his concurring opinion said: "I concur in the decision. The body of the waiver produced by the Commissioner purports to be an agreement between the Bryson-Robison Corporation and the Commissioner. It is on a printed form, furnished by the Commissioner, and the only insertions possibly to be attributed to the taxpayer to whom it is tendered are its name in the body of the instrument and the signature. It was not signed in the corporate name. *The signer Bryson described himself to be a 'former secretary'.* In an accompanying letter he disclaims authority to act for the corporation. *The wording of the document contains no agreement on the part of Bryson individually.* (Underscoring supplied)

Whether the omission of the name of Mrs. Wigmore from the body of the waiver was due to carelessness, or the liability for taxes rested primarily upon the husband and originally there was no intention to bind the wife by said waiver or consent, (Cole v. Commissioner, 9 Cir., 81 F.2d 485, 104 A.L.R. 420) is mere surmise.

In Crowe v. Commissioner, 7 Cir., 86 F.2d 796, 798, the following statement is made:

" * * * It is clear that if respondent's contention is correct, it must be by reason of implications arising from the language of the statute and not by any clear expression of the lawmakers. Under such circumstances, the doubt must be construed in favor of the taxpayer."

Judge Denman in Erskine v. United States, 9 Cir., 84 F.2d 690, 691, said:

"Such revenue acts must be construed strictly in favor of the appellant sought to be charged as importer. He is 'entitled to the benefit of even a doubt'. Tariff Act 1897, 30 Stat. 151; United States v. Riggs, 203 U.S. 136, 139, 27 S.Ct. 39, 40, 51 L.Ed. 127; Hartranft v. Wiegmann, 121 U.S. 609, 616, 7 S.Ct. 1240, 30 L.Ed. 1012; Miller v. Standard Nut Margarine Co., 284 U.S. 498, 508, 52 S.Ct. 260, 76 L.Ed. 422." (See also Miller, Collector v. Standard Nut Margarine Co., 284 U.S. 498-508, 52 S.Ct. 260, 76 L.Ed. 422, and Commissioner v. Bryson, 9 Cir., 79 F.2d 397-403).

It appears to me that there is a serious doubt whether Mrs. Wigmore's estate is bound by said waiver, and under the foregoing authorities said doubt should be resolved in favor of her estate.

The burden is upon the plaintiff, by a preponderance of the evidence, to establish that the statute of limitations has been waived. This the plaintiff has failed to do.

Plaintiff is entitled to judgment on its second cause of action as prayed for, but will take nothing on its first cause of action.

Plaintiff is directed to submit without delay proposed findings and judgment in accordance with this opinion.