110

**UNITED STATES v. SMITH et al.**

No. 10404.

Circuit Court of Appeals, Ninth Circuit.

Jan. 21, 1944.

Samuel O. Clark, Jr., Asst. Atty., Gen., Sewall Key, Samuel H. Levy, Helen Goodner, and Fred Youngman, Sp. Asst. Attys. Gen., Charles H. Carr, U.S. Atty., E.H. Mitchell, Asst. U.S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for appellant.

Clyde R. Burr, of Los Angeles, Cal., for appellees.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

■ This action was brought to recover income taxes, with interest, for the year 1933 and for the year 1941. The tax for the year 1933 was $2,580.82 and interest of $400.45 due thereon upon a joint assessment of J. A. Wigmore and Mrs. Olive Wills Wigmore, husband and wife, assessed October 16, 1936, for income reported on March 13, 1934 by J. A. Wigmore and Mrs. Olive Wills Wigmore upon a joint return for the year 1933. The assessment was introduced in evidence and is presumed to be correct. Although the complaint charged a joint obligation and prayed for judgment against both defendants, the husband, J. A. Wigmore, was not served with process and did not appear in the case. The only question urged here by the defendant is that the assessment for the year 1933 was not made within two years of filing the return, as required by the Revenue Act of 1932, § 275(a), 47 Stat. 169, 26 U.S.C.A.Int.Rev. Acts, page 565. The government conceded that more than two years had elapsed between the filing of the return and the making of the assessment, but relied upon a written consent providing that the tax might be assessed "at any time on or before June 30, 1937". The trial court held that the consent was not binding upon the defendant. This finding was based upon the fact that although the consent was signed by J. A. Wigmore, taxpayer, and Olive W. Wigmore, taxpayer, it related only to the revenue of J. A. Wigmore and, therefore, was not a consent to a delayed assessment against the wife. In this we think the trial court erred. The consent referred to is as follows:

"Consent Fixing Period of Limitations upon Assessment of Income and Profit Tax.

"Cleveland, Ohio, January 17, 1936.

"In pursuance of the provisions of existing Internal Revenue Laws J. A. Wigmore, a taxpayer (or taxpayers) of Chesterland, Coauga County, Ohio, and the Commissioner of Internal Revenue hereby consent agree as follows:

"That the amount of any income, excess-profits, or war-profits taxes due under any return (or returns) made by or on behalf of the above-named taxpayer (or taxpayers) for the taxable year (or years) 1933 under existing acts, or under prior revenue acts, may be assessed at any time on or before June 30, 1937, except that, if a notice of a deficiency in tax is sent to said tax-

payer (or taxpayers) by registered mail on or before said date, then the time for making any assessment as aforesaid shall be extended beyond the said date by the number of days during which the Commissioner is prohibited from making an assessment and for sixty days thereafter.

J. A. Wigmore,
(Seal)                    Taxpayer
       Olive W. Wigmore
              Taxpayer
       By .............................
       Guy T. Helvering
       Commissioner of Internal Revenue
       By A. C. C.—January 31, 1936

"If this consent is executed with respect to a year for which a joint return of a husband and wife was filed, it must be signed by both spouses, except that one spouse may sign as the agent for the other. * * *"

 The defect in the consent relied upon by the appellee is that only the name J. A. Wigmore was written in the body of the consent in the blank for the insertion of the name of the taxpayer or taxpayers. The only return made by either taxpayer was the joint return upon which the joint assessment was levied. The agreement of Wigmore and his wife was that the time be extended for the assessment of any tax "due under any return or returns made by or on behalf of the above named taxpayer or taxpayers for the taxable year or years 1933." As no other return had been filed by either of the spouses, the consent must necessarily refer to the return which they made jointly for the year 1933. The assessment here sued on was for a tax due under that return and is thus within the terms of the consent.

It is significant that the return contains the statement below the signatures that if the consent is executed with respect to a year for which a joint return of the husband and wife was filed it must be signed by both spouses except that one spouse may sign as agent for the other. Olive W. Wigmore having signed a consent as a taxpayer undoubtedly did so in pursuance of the directions contained in the contract signed, namely, that where it referred to a joint return it must be signed by both spouses. We think the failure to include the name of the wife in the body of the instrument is without legal significance because she did in writing consent to the extension of time for the assessment of the tax on the joint return for the year 1933.

The complaint contains a second count for the recovery of taxes for the year 1941. Judgment was given in accordance with the government's prayer in reference to that count and no point is made on appeal concerning it. It is only necessary to mention it to show that the judgment must stand as to the second count and that as to the first count the judgment against the government must be reversed and the case remanded to the district court for further proceedings not inconsistent with this opinion.

Judgment reversed as to first count and affirmed as to second count.