WILLIAM H. KINSEY, WILLIAM H. KINSEY AND DELPHINE KINSEY, & ESTATE OF IRENE S. KINSEY, DECEASED, WILLIAM H. KINSEY, EXECUTOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kinsey v. Commissioner
Docket No. 15099-83.
United States Tax Court
T.C. Memo 1987-92; 1987 Tax Ct. Memo LEXIS 88; 53 T.C.M. (CCH) 152; T.C.M. (RIA) 87092; February 17, 1987. William H. Kinsey, pro se. Gerald W. Douglas, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in petitioners' Federal income tax for the years and the amounts as set forth below: PETITIONERS
YEAR
AMOUNT
William H. Kinsey
1977
$45,495.00
& Est. of Irene S. Kinsey,
Deceased, William H.
Kinsey, Executor
William H. Kinsey
1978
$67,254.00
William H. Kinsey and
Delphine Kinsey
1979
$66,036.00
*89 The parties have resolved nearly all of the issues and have stipulated that the only remaining issues are whether the deficiency notices for the calendar year 1977 were timely issued and whether the deficiency determined in the 1977 deficiency notices was within the restriction contained in the Form 872-A executed by the parties. [1]
This case has been submitted under Rule 122. [2] All of the facts have been stipulated and are found accordingly. For the 1977 taxable year, *90 William H. Kinsey and the estate of his deceased wife, Estate of Irene S. Kinsey, Deceased, William H. Kinsey, Executor (hereinafter the "Irene S. Kinsey Estate"), are the petitioners. For the 1978 taxable year, William H. Kinsey alone is the petitioner. On September 29, 1979, William H. Kinsey and Delphine Kinsey were married. For the 1979 taxable year, they are the petitioners. William H. Kinsey and Delphine Kinsey resided in Portland, Oregon at the time the petition herein was filed. Since the issues to be resolved relate soley to the 1977 taxable year, our references to "petitioners," unless otherwise specifically noted, will be to William H. Kinsey and the Irene S. Kinsey Estate. Petitioners timely filed (without extensions) a 1977 joint Federal income tax return (hereinafter the "1977 return"). Claimed on the 1977 return was a $58,408 loss, representing petitioner William H. Kinsey's distributable share of the loss of Beech Mountain, Ltd. (hereinafter "Beech Mountain"), a partnership in which he was a limited partner. In March of 1981, petitioners and respondent executed a Form 872, Consent to Extend the Time to Assess Tax (hereinafter "Form 872"). The Form 872 extended *91 the period in which respondent could assess Federal income tax due on the 1977 return until April 15, 1982. In February of 1982, petitioners and respondent executed a Form 872-A, Special Consent to Extend the Time to Assess Tax (hereinafter "Form 872-A"). The Form 872-A indefinitely extended the period in which respondent could assess Federal income tax due on the 1977 return. The indefinite extension terminated, as clearly indicated in the Form 872-A, on the 90th day following the receipt by respondent of a Form 872-T Notice of Termination of Special Consent to Extend the Time to Assess Tax (hereinafter "Form 872-T"), the mailing by respondent of a Form 872-T, or the mailing by respondent of a deficiency notice. [3] The following typed restriction appears on the face of the Form 872-A: The amount of any deficiency assessment is to be limited to that resulting from any adjustment to: (a) the taxpayer's distributive share of any item of income, gain, loss, deduction, or credit of, or distribution from Beech Mountain Ltd.; (b) the tax basis of the taxpayer's interest in the aforementioned partnership or organization treated by the taxpayers as a partnership; and, (c) any gain or *92 loss (or the character or timing thereof) realized upon the sale or exchange, abandonment, or other disposition of taxpayer's interest in such partnership or organization treated by the taxpayer as a partnership; including any consequential changes to other items based on such adjustment. On March 31, 1982, respondent sent to petitioner a letter (hereinafter *93 "30 day letter") and a preliminary examination report. The letter stated in part: "[i]f we do not hear from you within 30 days, we will have to process your case on the basis of the adjustments shown in the examination report." Petitioners did not reply. On May 6, 1982, respondent sent petitioners a letter (hereinafter "10 day letter") stating in part: Some time ago we sent you a report explaining why we believe your tax liability should be adjusted. * * * [W]e have no record of a reply. If we don't hear from you within 10 days, we will have to process your case on the basis of the adjustments shown in the examination report. Attached to the 10 day letter was a partial copy of the preliminary examination report. Petitioners again did not reply. On March 14, 1983, respondent issued separate deficiency notices to petitioners determining an income tax deficiency for the 1977 taxable year in the amount of $45,495. Other than the names of the taxpayers, the deficiency notices with respect to the 1977 calendar year are identical. [4] The deficiency determined by respondent is attributable to respondent's determination that petitioners should have reported $15,280 of income *94 rather than a $58,408 loss as petitioner William H. Kinsey's distributable share of Beech Mountain's taxable income or loss. The first issue we must decide is whether the 1977 deficiency notices were timely issued. A deficiency notice is timely if issued prior to the expiration of the period during which respondent can assess the tax deficiency. . [5] Generally, respondent is prohibited from assessing a tax deficiency more than three years after the due date of a timely filed return. Section 6501(a). The general three year period may be extended by written agreement entered into prior to expiration of the period during which respondent could assess the tax deficiency. Section 6501(c)(4). Petitioners and respondent extended the general three year period to assess a tax deficiency with *95 respect to the 1977 return by executing the Form 872 and the Form 872-A. Both parties acknowledge the legal efficacy of these documents. The dispute turns on when the Form 872-A was terminated. A Form 872-A, as clearly indicated in the body of the agreement, terminates on the 90th day following the receipt by respondent of a Form 872-T, the mailing by respondent of a Form 872-T, or the mailing by respondent of a deficiency notice. [6] Respondent contends that the Form 872-A was terminated 90 days after March 14, 1983, the date of the mailing of the deficiency notices. As such, the deficiency notices would be timely. Petitioner contends that the Form 872-A was terminated 120 days after March 31, 1982, the date respondent mailed the 30 day letter. Upon their failure to respond to the thirty day letter within the thirty day period, petitioners reason that they tacitly agreed to the issuance of deficiency notices, that deficiency notices should have been issued, and that the Form 872-A terminated on the 90th day following the date on which the deficiency notices should have been issued. Based on the same reasoning, petitioner's contend that the Form 872-A was terminated 100 days *96 after May 6, 1982, the date respondent mailed the ten day letter. Under either of petitioner's contentions, the deficiency notices would be untimely. This Court has held that a Form 872-A of this type may be terminated only in the three manners clearly described and listed in the body of the agreement and that letters, sent by respondent or the taxpayers, are ineffective to terminate a Form 872-A. See ; ; ; and . Petitioners attempt to bring themselves outside the scope of these opinions by arguing that they and respondent reached an agreement that respondent would issue deficiency notices on particular dates. Assuming, arguendo, that petitioners and respondent did reach such an agreement, *97 a Form 872-A is terminated on the 90th day following the issuance of a deficiency notice, not on the 90th day following an agreed date for the issuance of a deficiency notice. In any event, we do not find that petitioners and respondent made such an agreement. The thirty day letter and the ten day letter merely state that upon petitioners' failure to reply, respondent will "process" their case. Petitioners did not reply. At best petitioners and respondent agreed that respondent would "process" petitioners' case, which, we note, respondent would have done in the absense of the alleged agreement. Although it is likely "process" as used in this context would ultimately result in the issuance of deficiency notices, in no way can the thirty day letter, the ten day letter, or the use of the term "process" in such letters be interpreted as an offer by respondent to mail deficiency notices on specific dates. Accordingly, we hold that neither the thirty day letter nor the ten day letter had any effect on the termination of the Form 872-A. As contended by respondent, the Form 872-A terminated on the 90th day following March 14, 1983, the date of the mailing of the deficiency notices. The *98 deficiency notices were timely. The second issue is whether the deficiency determined by respondent in the 1977 deficiency notices was within the restriction contained in the Form 872-A. The restriction, which is quoted in full above, allows for the assessment of any deficiency resulting from any adjustment to petitioner William H. Kinsey's distributable share of any item of income, gain, loss, deduction, or credit of Beech Mountain. The deficiency determined by respondent is attributable to respondent's determination that petitioners should have reported on their 1977 return income of $15,280, rather than a loss of $58,408, as petitioner William H. Kinsey's distributable share of Beech Mountain's taxable income or loss. Since the deficiency determined by respondent is attributable to adjustments to items listed in the restriction, we hold that the deficiency so determined is clearly within the restriction contained in the Form 872-A. [7]
*99 Because the parties have agreed that respondent will decide, on the basis of our opinion, whether petitioner William H. Kinsey was overassessed $775 for the 1978 taxable year, see n.1, supra, and to reflect the foregoing, Decision will be entered under Rule 155 for the 1978 taxable year.
Decision will be entered for the respondent for the 1977 and 1979 taxable years.
Footnotes
1. The parties have stipulated (1) that should this Court hold that the 1977 deficiency notices were timely and that the deficiency determined therein was within the scope of the restriction contained in the Form 872-A, the deficiency for 1977 is $23,364; (2) that "petitioners agree to accept respondent's decision concerning appropriate application of this Court's determination for 1977" as to whether petitioner William H. Kinsey was overassessed $775 for 1978; and (3) that the deficiency for 1979 is $9,450.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
3. Form 872-A provides in relevant part as follows: (1) The amount(s) of any Federal Income tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended December 31, 1977 may be assessed on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment was prohibited.↩
4. The deficiency notice issued to petitioner William H. Kinsey also determined deficiencies for the 1978 calendar year.↩
5. See also ; ; and .↩
6. Where a deficiency notice is the terminating agent, the period in which respondent can assess extends beyond the effective date of the termination of the Form 872-A. See section 6503(a)(1). See also the text of Form 872-A, note 3, supra.↩
7. Petitioners argue that respondent's determination was so "irrational" that it was not a determination of petitioner William H. Kinsey's distributable share of Beech Mountain's taxable income or loss. Assuming, arguendo, that respondent's determination was irrational, it would nonetheless be an determination of petitioner William H. Kinsey's distributable share↩ of Beech Mountain's taxable income or loss, and the deficiency attributable thereto would clearly be within the restriction contained in the Form 872-A.