STANLEY C. BILSKI, JR. AND CONNIE E. BILSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bilski v. Commissioner
Docket No. 655-90
United States Tax Court
T.C. Memo 1994-55; 1994 Tax Ct. Memo LEXIS 56; 67 T.C.M. (CCH) 2150; February 10, 1994, Filed *56 For petitioners: Patrick F. Timmons, Jr.
For respondent: Susan M. Pinner. ARMEN
ARMEN
MEMORANDUM OPINION ARMEN, Special Trial Judge: This case is before the Court on (1) Respondent's Motion to Dismiss for Lack of Jurisdiction as to Determination of Dischargeability of Taxes and Additions to Tax for the Taxable Year 1982 (respondent's jurisdictional motion) and (2) petitioners' Motion for Summary Judgment, filed pursuant to Rule 121. [1]
Respondent determined the following deficiency in, and additions to, petitioners' Federal income tax for 1982: Additions to Tax Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6659
$ 17,722.38
$ 886
[1]
$ 5,317
Petitioners resided in Houston, Texas, at the time their petition was filed with the Court. *57 Background
Petitioners' Federal income tax return for 1982 was filed on or before April 15, 1983. Prior to the expiration of the time prescribed by section 6501(a) for assessing any additional income tax due from petitioners for the 1982 taxable year, petitioners and respondent executed a Form 872-A (the Form 872-A Extension Agreement) extending indefinitely, pursuant to section 6501(c)(4), the time for assessment. Since the time that the Form 872-A Extension Agreement was executed, respondent has not received a Form 872-T from petitioners, nor has respondent mailed such a form to petitioners. [2]
On June 8, 1988, petitioners filed a voluntary petition for bankruptcy under chapter 7 of title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Texas. On October 26, 1988, the bankruptcy court issued an order relieving petitioners of all dischargeable debts. On October *58 6, 1989, respondent mailed petitioners a statutory notice determining the deficiency and additions to tax which are in issue in this case. On January 8, 1990, petitioners filed their petition with this Court. [3] In their petition, petitioners contest respondent's deficiency determination on several grounds, including the following: Pursuant to their discharge in bankruptcy * * * in the United States Bankruptcy Court for the Southern District of Texas, Petitioners were discharged from payment of taxes due for 1982.
Discussion
A decision in respondent's favor on her jurisdictional motion would not be dispositive of this entire case, as her motion is essentially one for partial dismissal. Nonetheless, as a court of limited jurisdiction, we must determine the extent of our jurisdiction prior to evaluating the merits of a case. Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177 (1960). Therefore, we will *59 begin with respondent's motion. (1) Respondent's Jurisdictional Motion
In her motion, respondent contends that this Court does not have jurisdiction to determine whether petitioners' Federal tax obligations were discharged by the bankruptcy court's order relieving petitioners from all dischargeable debts. To support this contention, respondent relies on Neilson v. Commissioner, 94 T.C. 1 (1990), and McAlister v. Commissioner, T.C. Memo. 1993-166. Petitioners' Objection and Memorandum on Respondent's Motion to Dismiss for Lack of Jurisdiction (petitioners' objection) asserts that "This case does not litigate or present the question of dischargeability". This statement contrasts markedly with petitioners' petition, which assigns error to respondent's deficiency determination on the basis that "Pursuant to their discharge in bankruptcy * * * in the United States Bankruptcy Court for the Southern District of Texas, Petitioners were discharged from payment of taxes due for 1982". It also contrasts with the Motion for Summary Judgment filed by counsel for petitioners, which concludes that "their 1982 taxes, if due, *60 are discharged from and after October 26, 1988". In the objection, petitioners' counsel argues that respondent has misstated applicable law. To the contrary, petitioners' counsel misconstrues the law as applicable to the issue at hand. Specifically, petitioners' counsel argues that Neilson and McAlister support this Court's jurisdiction in this case. This is correct to the extent that these cases confirm this Court's jurisdiction to redetermine petitioners' liability for the deficiency and additions to tax in issue. However, the argument does not address respondent's motion, which deals only with the Court's jurisdiction to address the issue of dischargeability. As noted above, this Court has only the limited jurisdiction conferred upon it by statute. See sec. 7442. We have previously held that "This Court lacks jurisdiction to determine whether taxpayers have been discharged in bankruptcy with respect to Federal income taxes and additions to tax for the years at issue". McAlister v. Commissioner, T.C. Memo. 1993-166 (citing Neilson v. Commissioner, 94 T.C. 1, 9 (1990)); accord Graham v. Commissioner, 75 T.C. 389, 399 (1980); *61 Fotochrome, Inc. v. Commissioner, 57 T.C. 842, 847 (1972). Accordingly, respondent's Motion to Dismiss for Lack of Jurisdiction as to Determination of Dischargeability of Taxes and Additions to Tax for the Taxable Year 1982 will be granted. (2) Petitioners' Motion for Summary Judgment
We turn now to petitioners' Motion for Summary Judgment. The sole issue for decision is whether respondent is barred from assessing any deficiency in, and additions to, petitioners' income tax for 1982, notwithstanding the fact that the parties timely executed a Form 872-A Extension Agreement which, prior to the mailing of the notice of deficiency for 1982, was never terminated through any of the mechanisms provided on the form itself. An issue may be appropriately resolved by summary judgment if there is no genuine issue as to material fact and the decision can be made as a matter of law. Rule 121(b). The question presented here may appropriately be resolved by summary judgment as no material facts are in dispute and the decision can be made as a matter of law. The Form 872-A Extension Agreement is formally entitled "Special Consent to Extend the Time to Assess *62 Tax". [4] As noted above, it was timely executed by both petitioners and respondent in January 1986, and it clearly indicates that it applies to the 1982 taxable year. The Form 872-A Extension Agreement sets forth four, and only four, mechanisms by which the agreement can be terminated: (1) The receipt by the Internal Revenue Service office considering the case of a Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from petitioners; (2) the mailing by the Internal Revenue Service of a Form 872-T to petitioners; (3) the mailing by the Internal Revenue Service of a notice of deficiency to petitioners; and (4) assessment reflecting the final determination of tax and the final administrative appeals consideration. Respondent contends that the statute of limitations on assessment for 1982 was "open" when the notice of deficiency was mailed because of the Form 872-A Extension Agreement. *63 In contrast, petitioners advance several theories, each based on petitioners' voluntary declaration of bankruptcy, as to why the Court should hold that the Form 872-A Extension Agreement terminated as a consequence of the filing of their petition in bankruptcy. [5] We will address each of petitioners' theories in turn. First, petitioners contend that the Form 872-A Extension Agreement terminated on August 5, 1988, which date is 60 days after the filing of the bankruptcy petition. Petitioners base this contention on 11 U.S.C. sec. 365(d)(1), which provides that In a case under Chapter 7 of this title, if the trustee does not assume or reject an executory contract * * * of the debtor within 60 days after the order for relief * * * then such contract or lease is deemed *64 rejected.
Petitioners' contention is without merit. Interpretations of Forms 872-A are informed by contract principles. E.g., Piarulle v. Commissioner, 80 T.C. 1035, 1042 (1983). Nevertheless, this Court has consistently held that Form 872-A is a "unilateral waiver of a defense by the taxpayer and is not a contract." Id.
Second, petitioners contend that, even if the Form 872-A Extension Agreement were a waiver and not a contract, it lost its character as a voluntary waiver upon the filing of the petition in bankruptcy and terminated thereafter. [6] This argument, however, overlooks several important elements of this case. Under principles of contract law, the fact that the Form 872-A Extension Agreement was entered into voluntarily by both petitioners and respondent is sufficient to maintain its continued viability. See, e.g., Colorado Natl. Bank v. Lester, 73 Tex. 542, 11 S.W. 626 (1889). Also, petitioners voluntarily declared bankruptcy. Whether or not they were legally precluded from personally exercising the right to execute a Form 872-T after they filed their petition in bankruptcy, nothing *65 prevented them from mailing the Form 872-T before they declared bankruptcy. The timing of these events was entirely within their control. Moreover, in arguing that the Form 872-A Extension Agreement was terminated because the bankruptcy trustee did not assume it, petitioners essentially concede that, even if they did not have the authority to execute a Form 872-T after declaring bankruptcy, [7] the trustee could have executed it on their behalf. The Court has considered the cases cited *66 by petitioners' counsel to support the contention that the Form 872-A Extension Agreement lost its character as a voluntary agreement upon the filing of the petition in bankruptcy. However, the cases cited do not support this contention. Thus, in United States v. Wigmore, 48 F. Supp. 250 (S.D. Cal. 1943), the district court concluded that the estate of a woman, who was not named in a form [8] waiving until a date certain the time for assessing certain Federal taxes, was not bound by such waiver. Petitioners' counsel failed to cite, however, United States v. Smith, 140 F.2d 110 (9th Cir. 1944), which reversed United States v. Wigmore in relevant part. Specifically, the Court of Appeals for the Ninth Circuit held that, although the woman's name was not mentioned on the form, the fact that she actually signed the agreement was sufficient to demonstrate that she had voluntarily consented to the waiver of the time for assessment. United States v. Smith, supra at 111. *67 In Shambaugh v. Scofield, 132 F.2d 345 (5th Cir. 1942), also cited by petitioners' counsel, the court held that although the Commissioner never signed the waiver form extending the period of limitations, the Commissioner's assent was clear from his actions. The court observed that "Having had full advantage of the waivers, the taxpayers should not now be heard to repudiate them unless they were clearly inoperative." Id. at 347. That principle is no less applicable to the instant action than it was in 1942. A Form 872-A becomes "clearly inoperative" only upon the occurrence of one of the events listed on the form as terminating the agreement. Accordingly, the contention that the filing of the bankruptcy petition resulted in the termination of the Form 872-A Extension Agreement because the agreement was no longer voluntary is without merit. Third, petitioners advance an argument grounded in public policy. According to petitioners, since certain Federal taxes are dischargeable in bankruptcy, then Federal bankruptcy policy must disfavor the continued viability of the Form 872-A after the filing of a petition in bankruptcy. *68 This argument is untenable because the Bankruptcy Code specifically provides that taxes which are not assessed before the filing of a bankruptcy petition but which are assessable by agreement after the commencement of the bankruptcy case are entitled to priority status. 11 U.S.C. sec. 507(a)(7)(A)(iii). Moreover, taxes entitled to priority status are nondischargeable. [9]11 U.S.C. sec. 523(a)(1)(A). Thus, the bankruptcy code itself refutes petitioners' contention. Fourth, petitioners suggest that the Form 872-A Extension Agreement should terminate upon the filing of a petition in bankruptcy because of the form's failure to inform taxpayers of their rights under the Bankruptcy Code. Again, there is no merit to this argument. On its face, the Form 872-A Extension agreement signed by petitioners extends indefinitely the *69 period of limitations on assessment. It is true that the Form 872-A does not address all circumstances which may arise in the future or advise taxpayers about possible options, such as bankruptcy. The form does not purport to do so, nor is it realistic to expect that the form would, or even should, do so. Instead, Form 872-A provides four specific mechanisms by which the agreement may be terminated. Had petitioners wished to terminate the Form 872-A Extension Agreement, all that was required of them was to complete a Form 872-T and send it to the office of the Internal Revenue Service which was considering their case. This right was not obfuscated by unintelligible language. Instead, petitioners were informed of this right in clear language in the first paragraph of the Form 872-A Extension Agreement. As this Court has stated: The very purpose expected to be served by Form 872-T would be frustrated were the parties free to indulge themselves in whatever form of termination might strike their fancy, regardless of the degree of informality chosen. [Grunwald v. Commissioner, 86 T.C. 85, 89 (1986).]
This Court has held that the mechanisms *70 by which the Form 872-A can be terminated are exclusively those identified on the form itself. E.g., Estate of Camara v. Commissioner, 91 T.C. 957, 962 (1988); Grunwald v. Commissioner, 86 T.C. 85, 89 (1986). Moreover, since 1979, when Form 872-A was modified to provide specific mechanisms by which it could be terminated, no court has held that the form could be terminated by any other mechanism. E.g., Kinsey v. Commissioner, 859 F.2d 1361 (9th Cir. 1988) (holding that taxpayers' failure to respond to a "30-day letter" did not trigger termination of the Form 872-A because such failure was not one of the specific means identified on the form), affg. T.C. Memo. 1987-92, and cited with approval in Ward v. Commissioner, 907 F.2d 517, 522 n.7 (5th Cir. 1990) (holding that no valid notice of deficiency was mailed because the notice was not mailed to the taxpayer's last known address, but noting that the "waiver of a limitations period under Form 872-A does not terminate until after the IRS sends a valid notice of deficiency"), revg. on *71 other grounds 92 T.C. 949 (1989); St. John v. United States, 951 F.2d 232, 235 (9th Cir. 1991) (holding that "a Form 872-A consent may be terminated only by the taxpayer or the IRS sending a Form 872-T to the other, or by the IRS mailing a notice of deficiency to the taxpayers"); Stenclik v. Commissioner, 907 F.2d 25, 28 (2d Cir. 1990) (holding that because Form 872-A extends the statute of limitations until it is terminated by one of the specifically identified events, the mere passage of time did not result in its termination by operation of law), affg. T.C. Memo. 1989-516; Wall v. Commissioner, 875 F.2d 812, 813 (10th Cir. 1989) (rejecting, on the grounds that Form 872-A provides specific mechanisms for its termination, a claim that Form 872-A had terminated because the IRS waited for an unreasonable period of time before issuing a notice of deficiency). Furthermore, it is significant that in a bankruptcy context at least one court has held that taxes were assessable after the commencement of a bankruptcy action because the taxpayer *72 had executed a Form 872-A and had not elected to terminate it by executing a Form 872-T. Blake v. United States (In re Blake), 154 Bankr. 590 (Bankr. M.D. Ala. 1992); cf. Commissioner v. De Leve, 748 F.2d 465 (8th Cir. 1984) (applicable to the statutory scheme for assessment under prior law). Because of the Form 872-A Extension Agreement, we hold that respondent is not barred from assessing any deficiency in, or additions to, petitioners' income tax for 1982. Accordingly, petitioners' Motion for Summary Judgment will be denied. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure and, unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.↩
1. 50 percent of the interest due on the entire deficiency.↩
2. The Form 872-T is a Notice of Termination of Special Consent to Extend Time to Assess Tax.↩
3. The petition was timely filed by virtue of sec. 7502.↩
4. Form 872-A is "special" because, unlike Form 872, it extends the time for assessment indefinitely.↩
5. Petitioners offer several dates when the Form 872-A Extension Agreement might have terminated, each of which would have the effect of barring respondent from assessing any deficiency or additions to tax for 1982.↩
6. This contention would seem to lead to the conclusion that the Form 872-A Extension Agreement terminated upon filing of such petition, rather than terminating either 60 or 150 days after the bankruptcy petition was filed. However, petitioners do not seem to suggest this and, in any event, we reject the contention which would lead to that conclusion.↩
7. In order to reach our conclusion, we need not decide whether petitioners themselves were entitled, under the bankruptcy code, to complete Form 872-T after declaring bankruptcy.↩
8. Only the woman's husband was named.↩
9. As noted earlier, it is not within our jurisdiction to decide whether petitioners' tax liability for 1982 was discharged.↩