105 U.S. 418
 105 U.S. 418
 26 L.Ed. 1131
 UNITED STATES
v.
RINDSKOPF.
 October Term, 1881
 
 ERROR to the Circuit Court of the United States for the Eastern District of Wisconsin.
 This is an action against Lewis Rindskopf, the principal, and Raphael Reichmann and Elias Rindskopf, sureties, on a distiller's bond for $7,000, executed March 23, 1875. The principal was then engaged in the business of a distiller within the first collection district of Wisconsin. The condition of the bond provided, among other things, that he should 'company with all the provisions of law in relation to the duties and business of distillers.' The complaint alleges as a breach of these conditions the non-payment of the tax due on 3,640 gallons of spirits distilled by him at his distillery between the 25th of April and the 1st of May, 1875, amounting to $3,276. It also alleges that the Commissioner of Internal Revenue assessed the tax against him on the special list for October of that year; and that the assessment was returned to the collector of the district, who demanded payment of the tax, which was refused.
 The answer contained a general denial, and also set up as a special defence that on the 1st of November, 1875, the Commissioner of Internal Revenue made an assessment upon the distiller to the amount of $7,117.70, for spirits alleged to have been manufactured at his distillery in the month of April, 1875, and removed therefrom without payment of the tax thereon, and with intent to defraud the government; that this assessment was returned to the collector of the district, who demanded payment of the tax; that afterwards, in May, 1876, the plaintiffs brought a suit in equity to enforce its collection; that the distiller was served with process and answered the complaint, averring that the assessment was illegal and void; that that suit was still pending; and that the assessment mentioned in the complaint here was upon the same spirits for which the above assessment of $7,117 was made.
 A supplemental and amended answer repeated these allegations, and added that the equity case was heard in April, 1879, when the assessment was adjudged to be illegal, and the bill dismissed. The answer pleads the decree entered in bar of the present action.
 The case was tried at the January Term of the court in 1880. There is no statement of the evidence or of its purport in the record, except as appears in the charge given to the jury. The bill of exceptions states that the plaintiffs offered evidence tending to maintain the issues on their part, 'as is generally stated in the charge of the court hereinafter contained;' and that the defendants offered evidence tending to maintain the issues on their part, 'as is in like manner stated in the charge of the court.' Then follows the charge at length, at the end of which particular parts of it are indicated to which exceptions were taken, and among others the following: 'To all that portion of said charge which defines and sets forth the legal force and effect of an assessment, and the means whereby it may be attacked and overcome; to all of that portion of said charge which touches the entirety of the assessment and affirms that the plaintiffs must recover the exact amount of the assessment or nothing.' That portion of the charge to which reference is thus made is found in different passages, which are as follows: After speaking of the power of the Commissioner of Internal Revenue to make an assessment, the court said:——
 'When, therefore, an assessment has been made by this officer, it is to be presumed, until such presumption is overcome by proof to the contrary, that it was made upon sufficient evidence, and it is not necessary that the evidence upon which the commissioner acted should be laid before the jury. In other words, the jury have a right to presume until the contrary appears that when the commissioner made the assessment in question he had before him proofs which were sufficient to satisfy a just and fair-minded person that such assessment ought to be made; and before the jury can disregard the assessment they should be convinced by the evidence that the commissioner acted in making it in a manner unjust to the defendant distiller, and unwarranted by the actual facts. Such an assessment is not, however, conclusive evidence of the liability of the distiller; it is open to attack; it is prima facie proof only of such liability, and prima facie evidence is such evidence as is sufficient when unassailed to establish a given fact, and it remains sufficient for that purpose until it is rebutted and overcome. . . . Upon introduction of the assessment in evidence a prima facie case of liability on the part of the defendant Lewis Rindskopf is made. The burden of proof then falls upon the defendants, who may proceed to introduce evidence to overcome the assessment by showing that the defendant Lewis Rindskopf did not, during the period covered by the assessment, manufacture and remove from his distillery spirits upon which the tax was not paid.
 'And upon it being so made to appear, the burden of proof then shifts to the plaintiffs, and it then becomes incumbent on the plaintiffs to maintain and establish the correctness of the assessment by sufficient and competent evidence. . . . The order of proof which has been maintained upon the trial is in consonance with the rules of law applicable to such a case, which have just been stated.'
 And, after commenting upon the general character of the evidence in the case, the court further said:—— 'In passing upon the validity of this assessment, and indetermining the question of liability on account of it, it is to be taken and considered in its entirety: Either the government is entitled to recover the exact amount of the assessment, namely, the sum of $3,276, or it is not entitled to recover any sum whatever. The court and jury, upon an investigation of the justness and validity of the assessment, have no right to exercise the powers committed to the commissioner, but our right is limited to an inquiry into the question as to whether the assessment which has been made embraces or represents a just and valid demand against the defendant distiller, and, as the result of such investigation, it must either wholly stand or wholly fall.'
 In support of the special defence, founded upon the decree in the equity case, that the assessment of November 1 was invalid, the defendants produced the record of the assessment and of the suit, which was admitted in evidence against the objection of the attorney of the government,—the court stating that proper instructions would be given to the jury in relation to the same. No proof was offered that the assessment covered the spirits for which the first assessment was made; and the court instructed the jury that without such proof the record would not be a bar to the prosecution of this action.
 The jury found for the defendants, and upon their verdict judgment was entered; to review which the case is brought to this court on writ of error.
 The Solicitor-General for the United States.
 Mr. Jedd P. C. Cottrill and Mr. Charles E. Mayer for the defendants in error.
 MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.
 
 
 1
 The bill of exceptions in this case sets forth the charge of the court below in full, in disregard of our frequent condemnation of this practice. Only the parts to which the exceptions relate should have been given; all else is unnecessary, and produces only inconvenience. We repeat of this practice what we said of another practice not uncommon, and equally objectionable,—that of inserting the entire evidence in the record: 'If counsel will not heed our admonitions upon this subject, so frequently expressed by us, the judges of the courts below, to whom the bills are presented, should withhold their signatures until the bills are prepared in proper form, freed from all matter not essential to explain and point the exceptions.' Lincoln v. Laflin, 7 Wall. 132, 137.
 
 
 2
 The assessment of the Commissioner of Internal Revenue was only prima facie evidence of the amount due as taxes upon the spirits distilled between the dates mentioned. It established a prima facie case of liability against the distiller, and nothing more. If not impeached, it was sufficient to justify a recovery; but every material fact upon which his liability was asserted was open to contestation. He and his sureties were at liberty to show that no spirits, or a less quantity than that stated by the commissioner, were distilled within the period mentioned, and thus entirely, or in part, overthrow the assessment. They were also at liberty to show a payment of the tax assessed, in whole or in part, and thus discharge or reduce the distiller's liability. To the extent, however, in which the assessment was not impaired, it was evidence of the amount due. The court, therefore, erred in instructing the jury that the assessment was to be taken and considered in its entirety, and that the government was entitled to recover the exact amount assessed, or not any sum. In other respects the charge, as given above, correctly presents the law.
 
 
 3
 There may undoubtedly be cases where an assessment must stand as an entirety, or not at all; as where an erroneous rate has been adopted by the officer; or where it is impossible to separate from the property assessed the part which is exempt from the tax; or where its validity depends upon the jurisdiction of the commissioner. The present case does not fall within either of these classes. Here the question is as to the quantity of spirits produced on which taxes were not paid.
 
 
 4
 The decree in the equity suit was properly held not to be a bar to the prosecution of this action in the absence of proof that the assessment which it adjudged invalid covered the spirits upon which the assessment here was made. The instruction to the jury deprived it of any weight as evidence with them.
 
 
 5
 Judgment reversed, and cause remanded for a new trial.