## BACON COAL CO. v. UNITED STATES.

District Court, E. D. New York.   July 1, 1929.

L 3180.

Parsons, Closson & McIlvaine, of New York City (Henry F. Cochrane, of New York City, of counsel), for plaintiff.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and F. W. Dewart, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and Howard W. Ameli and Albert D. Smith, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

MOSCOWITZ, District Judge. The bill of complaint herein sets forth four causes of action, in which demand is made for the recovery of money paid under protest as income tax for the years 1917, 1919, 1920, and 1921. Judgment is demanded for the sum of $6,500, with interest from March 1, 1926, on the first cause of action, arising out of a reassessment of the plaintiff's income tax for the year 1917. $808.67, with interest from April 15, 1926, is demanded on the second cause of action, arising out of reassessment of the plaintiff's income tax for the year 1919. On the third cause of action, $3,638.85, with interest, is demanded from April 15, 1926, arising out of reassessment of the plaintiff's income tax for the year 1920. On the fourth cause of action, $6,520.47 and $1,385.59, with interest from April 15, 1926, is demanded for reassessment of the plaintiff's income tax for the year 1921.

The plaintiff corporation is engaged in the business of buying and selling coal in the borough of Brooklyn, city of New York, and was organized in 1906 as a successor of a partnership known as Bacon & Co. The plaintiff contends that it issued $60,000 in preferred stock, consisting of 600 shares, at $100 each, and 1,000 shares of common stock, at the par value of $100 each, for the property of the partnership, which consisted of a contract with the Scranton & Lehigh Coal Company for the delivery of what is known as "all rail coal," and which contract further provided that the Scranton & Lehigh Coal Company would extend to the plaintiff a continuing credit of $100,000 without in-

terest. The plaintiff contends that, when the property of the copartnership was secured, it had a good will value of $47,000, which was worth $40,000, or 25 per cent. of the total stock of the plaintiff corporation outstanding on March 3, 1917, to wit, $160,000.

It is the plaintiff's position that the good will of the copartnership and the contract with the Scranton & Lehigh Coal Company, which included the continuing credit, should be included as invested capital in order to compute the excess profit taxes. The statutes involved are section 207 of the Revenue Act of 1917 (40 Stat. 306), sections 325 and 326 of the Revenue Act of 1918 (40 Stat. 1091, 1092), and sections 325 and 326 of the Revenue Act of 1921 (42 Stat. 273, 274). The material portion of the Revenue Act of 1918 is as follows:

"Section 325. (a) That as used in this title—The term 'intangible property' means patents, copyrights, secret processes and formulæ, good will, trade-marks, trade-brands, franchises, and other like property;

"The term 'tangible property' means stocks, bonds, notes, and other evidences of indebtedness, bills and accounts receivable, leaseholds, and other property other than intangible property."

·"Sec. 326. (a) That as used in this title the term 'invested capital' for any year means (except as provided in subdivisions (b) and (c) of this section):

"(1) Actual cash bona fide paid in for stock or shares;

"(2) Actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, at the time of such payment, but in no case to exceed the par value of the original stock or shares specifically issued therefor, unless the actual cash value of such tangible property at the time paid in is shown to the satisfaction of the Commissioner to have been clearly and substantially in excess of such par value, in which case such excess shall be treated as paid-in surplus: * * *

"(4) Intangible property bona fide paid in for stock or shares prior to March 3, 1917, in an amount not exceeding (a) the actual cash value of such property at the time paid in, (b) the par value of the stock or shares issued therefor, or (c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding on March 3, 1917, whichever is lowest."

The good will of the copartnership, the contract of the Scranton & Lehigh Coal Company, which includes the agreement by the Scranton & Lehigh Coal Company to extend a credit of $100,000 without interest, are intangible property according to section 325 (a) of the Revenue Act of 1918, and must be considered under 326(a)(4), which states:

"Intangible property bona fide paid in for stock or shares prior to March 3, 1917, in an amount not exceeding (a) the actual cash value of such property at the time paid in, (b) the par value of the stock or shares issued therefor, or (c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding on March 3, 1917, whichever is lowest."

There is no evidence that any of the intangible property was bona fide paid in other stock or shares at that time or later. The contract with the Scranton & Lehigh Coal Company states that the consideration was $1, and there is no evidence that anything was paid for the contract. The evidence is positive that nothing was paid for the renewal of the contract. In fact, the contract is between the plaintiff and the Scranton & Lehigh Coal Company, and no mention is made of the partnership. While $60,000 in preferred stock was issued, no evidence is adduced to show what it was issued for, or to whom. The evidence offered by the plaintiff does not show any cash value of the property even if it be assumed it was paid to the company. The evidence fails to show that the contract had any value.

The plaintiff states that it would cost $1.52 a ton if it had carried the coal from Perth Amboy to its yards by reloading and using wagons or trucks, whereas transportation from Perth Amboy to the plaintiff's yards the Scranton & Lehigh Coal Company offered to do for 40 cents a ton.

There is no evidence that any other competitive dealer could not have purchased coal from the Scranton & Lehigh Coal Company for the same price. The contract states that the plaintiff will not buy from any other dealer, but does not state that the Scranton & Lehigh Coal Company will not deal with other competitors of the plaintiff.

· The item of the $100,000 stated in the contract does not add any value to the contract. There is no evidence to show that the Scranton & Lehigh Coal Company did not extend credit to other wholesale coal dealers. No evidence was adduced to show any good will was transferred to the plaintiff for cash or stock. The plaintiff stated that the net earnings of the partnership during the five years preceding the transfer to the corporation were in excess of $13,000 a year. In fact, there is no evidence to show what was the gross income of the partnership for any

year from 1901 to 1906. The plaintiff was unable to state what deductions were made from the gross earnings in figuring the $13,-000. The evidence is conclusive that the good will of the partnership, if there were any, had no value.

It is well settled that, where the validity of an assessment is attacked, the determination made by the Commissioner of Internal Revenue is prima facie valid, and the burden of proof is upon the person seeking to attack the validity of the assessment. U. S. v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347; U. S. v. Rindskopf, 105 U. S. 418, 26 L. Ed. 1131. The entire record is barren of proof to sustain the plaintiff's contention.

Judgment for the defendant.