LOUIS FRIEDMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36280.   Promulgated October 14, 1930.

*Herman L. Shrager*, C. P. A., for the petitioner.
*J. A. Adams*, Esq., and *P. A. Sebastian*, Esq., for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $36,000.76 in the petitioner's tax liability for the year 1923. Among other adjustments he added to the reported net income $131,999.07 representing understatement of inventory which, he explained, was "due to the omission of goods paid for and in warehouse and to the write-downs of other goods," which he would not allow inasmuch as there were not sufficient records for verification. The petitioner alleged that this adjustment was an error.

The petitioner is an individual residing in Brooklyn, N. Y. In 1923 he was engaged in the business of importing and selling beads, novelties, and similar merchandise in an individual capacity. He had been in this business for over twenty years. During a part of the year 1923 he was in Europe, and some of his employees were in charge of his business. He returned from Europe about the middle of November. He testified that his business was then in very poor condition and that he had a great deal of unsalable merchandise on hand. Thereafter, his employees took a closing inventory for 1923 in which they listed all of his merchandise, together with the cost thereof as shown by invoices. The inventory was divided into two parts, one part representing "Inventory on Floor" and the other representing "Inventory in Warehouse." The total cost of the inventory on the floor was $188,139.06 and that of the inventory in warehouse was $84,089.96, or a total of $272,229.02. These cost figures are not in dispute. The original inventory sheets were not introduced in evidence. The petitioner's counsel spoke of them as lost, but their absence was never sufficiently explained to justify the admission of secondary evidence.

The petitioner testified that a few days after January 1, 1924, he repriced his closing inventory for 1923 by going over it item by item and reducing the figures in the inventory wherever necessary to show cost or market, whichever was lower, and thus arrived at a total cost or market value, whichever was lower, for the goods on hand on December 31, 1923, of approximately $140,000. Apparently, he reported in his return for 1923 a closing inventory of $140,229.95. The Commissioner's adjustment of this figure would restore it to the total cost figure mentioned above of $272,229.02. It is not clear from the petitioner's testimony whether or not he assigned any value to the goods in warehouse. The evidence does not establish that the goods in warehouse were worthless. The merchandise on hand on December 31, 1923, has been described to us only in general terms, so we only know that it consisted of merchandise of the general character sold by the petitioner. From the evidence we are unable to determine its value on that date or to determine that this value was less than its cost. The petitioner claimed that he had some goods on hand that were not readily salable, and he claimed that, from his long experience in the business, he was able to go over the inventory and wherever the cost figures were improper, to substitute therefor market figures representing what in his opinion he could get for the goods. Cf. *Harry P. True et al.*, 6 B. T. A. 1042.

The only other witness for the petitioner was a man who came to work for the petitioner at some time during the first week of Jan-

uary, 1924. He testified that he had an idea of what goods were on hand when he came, and as he had been in the business for many years, he was able to take certain lists and papers which were shown to him in 1927, but which were not introduced in evidence, and from these papers determine that the merchandise on hand on December 31, 1923, when inventoried at cost or market, whichever was lower, would not amount to more than $120,000. Of course we do not know that the sheets submitted to him properly listed the goods on hand on December 31, 1923.

The respondent called a revenue agent as a witness. He testified that he had visited the petitioner's place of business for the purpose of making some investigation in regard to the petitioner's tax liability for the year 1923; at that time he had been shown certain sheets which were divided into two parts, one headed " Inventory on Floor," and the other headed " Inventory in Warehouse "; the total shown on the former was $188,139.06 and that shown on the latter was $84,089.96; on a paper included in the part of the inventory entitled " Inventory on Floor " there was a computation whereon certain percentage adjustments had been made which reduced the amount of $188,139.06 to $140,229.95. The detail of this percentage adjustment, according to this witness' testimony was: first the amount of $188,139.06 was increased by 2 per cent, then decreased by 7 per cent of the 2 per cent, and 25 per cent of the remainder was then deducted from the original amount of $188,139.06 to arrive at $140,229.95.

If the petitioner arrived at the figure of $140,229.95 by the arbitrary method described by the revenue agent, then of course he did not arrive at the figure by going over the inventory item by item and reducing each item to cost or market, whichever was lower, as he originally testified. If he used the method described by the revenue agent, he entirely disregarded the goods in warehouse. No evidence was introduced as to the method used in taking the opening inventory for 1923. The burden of proof was upon the petitioner to show not only that the Commissioner erred; but also to furnish us with a substantial basis upon which we can correct the error complained of. *United States* v. *Rindskopf*, 105 U. S. 418; *Wickwire* v. *Reinecke*, 275 U. S. 101; *Reinecke* v. *Spalding*, 280 U. S. 227; *Avery* v. *Commissioner*, 22 Fed. (2d) 6; *F. G. Bishoff*, 6 B. T. A. 570; affd. 27 Fed. (2d) 91; *Saxman Coal & Coke Co.*, 43 Fed. (2d) 556.

*Judgment will be entered for the respondent.*