**CLIFFORD v. ROTHENSIES, Collector of Internal Revenue.**

**Civil Action No. 1372.**

District Court, E. D. Pennsylvania.

Aug. 27, 1942.

Maurice Osser and Harry R. Kozart, both of Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., and Joseph Lawrence, Dir. Bond and Spirits Div. Dept. of Justice, Harry B. DeAtley, Asst. to Dir. Bond and Spirits Div., and Julian D. Simpson, Atty. Dept. of Justice, all of Washington, D. C., for defendant.

BARD, District Judge.

This is an action to recover the sum of $1,565.08, with interest, being the amount of the alcohol tax, together with interest and penalties, alleged to have been improperly assessed against the plaintiff. I make the following special findings of fact:

1. In and prior to July, 1931, plaintiff was the lessee and occupant of a three-story garage building at 20th and Brandywine Streets, Philadelphia.

2. On July 3, 1931, 966 proof gallons of distilled spirits upon which no tax had been paid were found concealed on the third floor of these premises, in compartments in automobiles on that floor, and in a compartment in an automobile on the first floor.

3. Plaintiff knew that the premises were used for the storage and concealment of untaxed liquor intended, for beverage use, and consented to such use.

4. As a result of the discovery of these spirits, plaintiff was indicted and tried in the Quarter Sessions Court of Philadelphia County on a charge of. unlawful possession of intoxicating liquor and was acquitted.

5. On June 8, 1940, the plaintiff paid to the defendant the sum of $1,565.08, being the amount of the tax on the distilled spirits seized upon his premises, plus interest and penalties to the date of payment.

6. On December 26, 1940, plaintiff's claim for refund was disallowed.

### Discussion.

There is no dispute that the untaxed liquor was found concealed on the premises of the plaintiff. The factual issues in the case relate to the extent of his knowledge and responsibility for its presence there. The plaintiff's testimony was that he conducted a garage and livery business on the first two floors of the building and that some five months prior to the discovery of the concealed liquor, he had· leased the third floor to two men for use in repairing fenders and repainting of automobiles. He disclaimed all knowledge of any operations by them on the property other than those for which it had been rented.

I am not convinced of the truth of the plaintiff's testimony. There are a number of contradictions and inconsistencies in it, such as the identity of the persons now stated to have been the "lessees" and that of the person whom the plaintiff named as the "lessee" at the time of his arrest. It is my conclusion from all the evidence that plaintiff at the very least had full knowledge of the ,use of the premises for the storage and concealment of untaxed liquor intended for beverage use, and that such

use was made with his acquiescence and consent.

The principal legal question presented by these facts is whether they justify the imposition of a tax upon the plaintiff. The defendant relies on the authority granted him under Section 3640 Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 3640 (R.S. § 3182) and Section 3612 Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 3612 (R.S. § 3176), pursuant to Section 600 (a) of the Revenue Act of 1918, as amended by Section 900 of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 302. Section 900 provided in part as follows: "* * * (4) On and after the enactment of the Revenue Act of 1926, on all distilled spirits which are diverted to beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage there shall be levied and collected a tax * * *, to be paid by the person responsible for such diversion."

Under the facts of this case, was plaintiff the person responsible for the diversion of the spirits in question to beverage purposes? There appears to be no authority which has construed this statute under similar facts. In United States v. Van Slyke, Fed.Cas.No. 16,610, cited by the plaintiff, it was held that a landlord who rented a distillery to a tenant who legally manufactured spirits thereon, but illegally rectified them, apparently with the knowledge of the landlord, was not a person "in any manner interested in the use of the still", so as to be subject to the distilled spirits tax under the then law. In the case at bar, however, plaintiff has failed to show that there were bona fide tenants who were the real parties responsible for the diversion to beverage purposes of the distilled spirits found on his premises. The certificate of assessment in evidence creates a prima facie case of liability to the tax, United States v. Rindskopf, 105 U.S. 418, 26 L.Ed. 1131; Western Express Co. v. United States, 8 Cir., 141 F. 28, and plaintiff's evidence fails to establish that the tax was improperly assessed against him.

Plaintiff further argues that his acquittal by the Quarter Sessions Court of Philadelphia County on the charge of unlawful possession of intoxicating liquors operates as a bar to the assessment of the present tax against him based upon the same facts. The authorities cited by plaintiff, however, involve forfeiture proceedings brought by the United States after the owner of the property had been acquitted on a criminal charge likewise brought by the United States and arising out of the same facts. In the case at bar, the question of whether plaintiff was the "person responsible for (the) diversion" of distilled spirits to beverage purposes within the meaning of a federal statute obviously cannot be concluded by his prior acquittal by the courts of the Commonwealth of Pennsylvania on a charge of unlawful possession of intoxicating liquor.

I make the following conclusions of law:

1. The plaintiff is the "person responsible for [the] diversion", within the meaning of Section 600(a) of the Revenue Act of 1918, as amended, of the distilled spirits upon which the tax for which refund is sought in the present case was assessed.

2. The assessment made against the plaintiff was lawful and proper.

3. The acquittal of plaintiff by the Court of Quarter Sessions of Philadelphia County upon the charge of unlawful possession of intoxicating liquor is no bar to the assessment of a tax against him by the United States as the person responsible for the diversion of such liquor to beverage purposes.

4. Judgment is entered for the defendant.