**UNITED STATES v. KEHOE.**

Civil Action No. 1045.

District Court, M. D. Pennsylvania.

June 22, 1943.

"III. That on or about October 3, 1938, the Commissioner of Internal Revenue certified an assessment of taxes in the amount of $533,859.00 against the defendant as follows; Tax on 88,976½ barrels of beer at $6.00 per barrel, upon which said taxes were then due and payable.

"IV. That the Collector of Internal Revenue gave due notice and made due demand for payment of taxes, but the same remains wholly unpaid.

"Wherefore, plaintiff demands judgment against defendant for five hundred thirty-three thousand, eight hundred fifty-nine dollars ($533,859.00), with 5% penalty, and interest, together with costs and disbursements of this action."

To this the defendant has filed his Motion for More Definite Statement of Complaint, alleging that the averments thereof are not sufficiently definite or particular to enable him properly to prepare his responsive pleading or to prepare for trial, because:

"1. Plaintiff's complaint does not set forth the time when or the manner in which the defendant incurred the alleged liability averred in paragraph II.

"2. Plaintiff's complaint does not set forth the exact date, the place and the person, when, where and by whom the assessment of taxes against the defendant, averred in paragraph III, were made.

"3. Plaintiff's complaint does not set forth the time when or the manner in which notice and demand was given to and made upon the defendant, as averred in paragraph IV."

Discussion of the reasons set forth in defendant's Motion for More Definite Statement of Complaint will be taken up in the order in which they are listed.

■ Defendant's allegations that the complaint does not set forth the time when or the manner in which the defendant incurred the liability averred in paragraph II is without merit. The Judicial Code, Title 28 U.S.C.A. § 105, requires that a suit for the recovery of taxes be brought where the defendant resides or where he resided when the liability was incurred. Paragraph II of the complaint is a sufficient allegation to support the jurisdiction of this court.

■ It is not necessary that the complaint set forth "the exact date, the place and the person, when, where and by whom the assessment of taxes against the defendant, averred in paragraph III, were made."

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to Atty. Gen., and Frederick F. Follmer, U. S. Atty., and Joseph P. Brennan, Asst. U. S. Atty., both of Scranton, Pa., for plaintiff.

Leo W. White, of Pittston, Pa., for defendant.

JOHNSON, District Judge.

The plaintiff, the United States of America, by the United States Attorney for the Middle District of Pennsylvania, has filed its complaint to the above number and term alleging the following:

"I. Plaintiff brings this action under Section 3744 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3744, by the direction of the Attorney General and with the authorization of the Commissioner of Internal Revenue.

"II. That the defendant incurred liability in the Middle District of Pennsylvania.

434

The allegation of the assessment of the tax is sufficient, and proof of the assessment alone will make out a prima facie case for the Government and cast upon the defendant the burden of establishing that the assessment was improper. United States v. Rindskopf, 105 U.S. 418, 26 L.Ed. 1131.

The complaint alleges that the assessment was made by the Commissioner of Internal Revenue and the presumption of regularity is sufficient to sustain the inference that the Commissioner acted in accordance with the law and that the tax was timely assessed. R. H. Stearns Co. v. United States, 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647.

As to the third reason set forth in Defendant's motion the complaint itself constitutes a sufficient demand and there is no necessity for the Plaintiff to set forth any previous demands.

Now, therefore, this 22nd day of June, 1943, it is ordered that defendant's Motion for More Definite Statement of Complaint is hereby dismissed and the defendant is given fifteen (15) days from receipt of notice hereof to answer the complaint.