**UNITED STATES of America,**
**Plaintiff,**

v.

**Kay SKOLNICK, Transferee of the Estate of William Skolnick, Defendant.**

United States District Court
S. D. New York.

March 15, 1957.

Paul W. Williams, U. S. Atty., S. D. New York, New York City, for plaintiff. Earl J. McHugh, Asst. U. S. Atty., New York City, of counsel.

Kalman I. Nulman, New York City, for defendant.

DIMOCK, District Judge.

The United States brings this action to recover deficiencies of income taxes of William Skolnick, deceased, for the tax years 1944 and 1945. The action is brought against his widow as sole transferee of the estate of William Skolnick. Defendant resists payment contending that she did not receive any mon-

ey from the estate of William Skolnick and, as to the tax year 1944, that the statute of limitations had expired prior to the time the assessment was made.

William Skolnick died testate on March 4, 1946 and his will was admitted to probate in the Surrogate's Court of New York County on April 27, 1946. The will designates defendant, his widow, as its executrix and as sole beneficiary of his estate. The Commissioner of Internal Revenue made a deficiency assessment on March 17, 1948 in the amount of $4,502.77 against William Skolnick for the tax year 1944. The Commissioner made an additional deficiency assessment on March 11, 1949 in the amount of $826.17 against William Skolnick for the tax year 1944 and a deficiency assessment on the same day, in the amount of $6,352.97, against William Skolnick for the tax year 1945.

An assessment against a deceased taxpayer is contemplated by section 311(c) of the Revenue Act of 1939, 53 Stat. 90 as amended Oct. 21, 1942, c. 619, Title V, § 504(a), (c) 56 Stat. 957, which reads:

"(c) Period for assessment against taxpayer. For the purposes of this section, if the taxpayer is deceased, * * * the period of limitation for assessment against the taxpayer shall be the period that would be in effect had death or termination of existence not occurred."

■ There is ample evidence that the estate of William Skolnick was solvent to an extent more than sufficient for the payment of the taxes here in question and that Mrs. Skolnick received the assets of the estate. Mrs. Skolnick, in the report of the executrix for New York Estate Tax purposes valued the assets in the estate of William Skolnick, including insurance, at $189,920.62 and listed the deductions at $119,459.93, leaving net $70,460.67. The will designated Mrs. Skolnick as sole beneficiary. Certain insurance policies were by their terms payable to Mrs. Skolnick. Their total, $26,341.85, was included in her valuation of the assets at $189,920.62. I find that Mrs. Skolnick received an amount from the estate of William Skolnick in excess of the tax claim of the Government.

Section 275(a) of the Internal Revenue Code of 1939 provides:

"(a) General rule. The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period."

Section 275(f) provides:

"(f) For the purposes of subsections (a), (b), (c), (d), and (e), a return filed before the last day prescribed by law for the filing thereof shall be considered as filed on such last day."

Thus the assessments against the taxpayer could have been made at any time within three years after March 15, 1945, or March 15, 1946, respectively, if the returns were filed on or before those days, or within three years after the actual filing if they were filed thereafter.

■ Section 276 of the Internal Revenue Code of 1939 provides:

"(c) Collection after assessment. Where the assessment of any income tax imposed by this chapter has been made within the period of limitation properly applicable thereto, such tax may be collected * * * by a proceeding in court, but only if begun * * * within six years after the assessment of the tax * * *."

Thus the Government had six years after the making of valid assessments again William Skolnick to bring this action. United States v. Munroe, D.C.Pa., 65 F.Supp. 213. The earliest of the assessments was made on March 17, 1948, and this action was brought on March 24, 1953, so that there is no doubt of the timeliness of the suit if the assessments were timely.

I pass, then, to the question whether the assessments, or any of them, were made within three years of the dates when the returns were deemed to have been filed. The taxpayer was on a calendar year basis so that the earliest dates on which the returns could have been deemed to have been filed for this purpose are March 15, 1945, for the year 1944, and March 15, 1946, for the year 1945. The assessment for 1945, made March 11, 1949, was clearly within time. One assessment for 1944 was made on March 17, 1948, and another on March 11, 1949. These were both too late if the return was filed as of March 15, 1945, unless a waiver of the limitation on assessment was given by or on behalf of the taxpayer.

The burden of proving that the assessments were barred by lapse of time rests upon the taxpayer. See United States v. Rindskopf, 105 U.S. 418, 26 L.Ed. 1131. The party having the burden of proof has also the duty of going forward with evidence. 8 Wigmore, 2nd Ed., § 2487, p. 279. Thus the taxpayer has the duty of making a showing that the return must be deemed to have been filed more than three years before the making of the assessments. That would be satisfied by proof that the return was filed on or before the date when the law required it, March 15, 1945. Taxpayer has no such proof but a presumption that the return was so filed would take the place of such proof and constitute a substitute for going forward with evidence of the date of filing. 8 Wigmore, 2nd Ed., § 2488, p. 447.[1]

There is a presumption that the return was filed as required by law. Dick Bros., Inc. v. Commissioner v. Internal Revenue, 3 Cir., 205 F.2d 64. The law permitted, however, an extension of time not exceeding six months unless the taxpayer was abroad. Int.

Rev.Code of 1939, § 53(a) (2), 53 Stat. 28 (now Int.Rev.Code of 1954, § 6081 (a) ).

There is proof here that the taxpayer was not abroad at any time during the year 1945. Hence the presumption is that the return for 1944 was filed on or before six months after its due date or on or before September 15, 1945. Any assessment for 1944 made on or before September 15, 1948, would therefore be timely and any assessment made after that date could be time barred. See Christopher v. Commissioner, 13 B.T.A. 729, 740. The assessment for 1944 made on March 17, 1948, is therefore timely and that made on March 11, 1949, is time barred unless the time limitation was waived by or on behalf of the taxpayer.

As evidence that there was such a waiver the Government put in evidence a "Permanent Record Card" for the taxpayer William Skolnick. The card is a printed form with seven columns headed "Year, Serial Number, Received, Assigned, Examining Officer or Squad, To Washington, Deficiency or Overassessment". There are five entries under the column "Year" including the years here involved. Above the entry "1944" appears the letter "W". There was testimony that that meant that a waiver for that year had been given. I cannot give effect to the record, however, since the "W" does not appear to be an original entry. The shopbook statute, section 1732 of title 28 of the United States Code, makes admissible any writing "made as a memorandum or record of any act, * * * if made in regular course of any business, and if it was the regular course of such business to make *such memorandum* or record *at the time of such act* * * * or within a reasonable time thereafter." (Emphasis supplied.) A memorandum not

---

1. "For the other burden (the duty of going forward with evidence to satisfy the judge) there is always, at the outset, such a duty for the party having the first burden, or risk of non-persuasion, until by some rule of law (either by a spe-

cific ruling of the judge upon the particular evidence, *or by the aid of an appropriate presumption,* or by matter judicially noticed)- this line is passed." (Emphasis supplied.)

made within a reasonable time after the occurrence of the act is not made admissible by this rule. The internal evidence in the card makes it clear that records for 1944, 1945 and 1946 in all five columns, including the "W", were all made on the same date, the date January 20, 1949, entered in the "To Washington" column. I conclude that the entry "W" was not made within a reasonable time after the filing of any waiver and is therefore inadmissible as a record of such filing.

Judgment will be awarded plaintiff for the deficiencies in the 1945 income tax and for the deficiency in the 1944 income tax assessed March 17, 1948. The claim for the deficiency in the 1944 income tax assessed on March 11, 1949, will be dismissed.

Within one week after the appearance of a note of this decision in the New York Law Journal plaintiff will submit and serve upon the attorney for defendant a memorandum as to the proper computation of the amount of the judgment and will detail the debit, credit and interest factors. Defendant will have three days thereafter to reply.