**UNITED STATES of America,**
**Plaintiff,**

v.

**Arthur SZERLIP, Defendant.**

**Civ. No. 15353.**

United States District Court
E. D. New York.

Feb. 5, 1959.

See also, D.C., 148 F.Supp. 741.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., for plaintiff, Lloyd H. Baker, Brooklyn, N. Y., of counsel.

Sidney Szerlip, Brooklyn, N. Y., for defendant.

**530**

ZAVATT, District Judge.

■ In this action the plaintiff seeks judgment against the defendant on two income tax assessments—one in the sum of $30,494.23 (including interest and penalties to March 25, 1949, the date of the assessment) upon the defendant's taxable income for the calendar year 1944, and one in the sum of $10,508.08 (including interest and penalties to March 25, 1949, the date of the assessment) upon the defendant's taxable income for the calendar year 1945. As to the first assessment it was alleged by the plaintiff that the sum of $7,042.91 has been paid, leaving a balance thereon of $23,452.02. The defendant put in issue the material allegations of the complaint and pleaded two affirmative defenses, to wit, that the 1944 assessment "is erroneous, not based on any income received by the defendant in that the defendant had no income" and that the action is barred by the statute of limitations. Although this second affirmative defense is pleaded inartistically it pleads the making of the two assessments on March 25, 1949 and the fact that no action was commenced to recover judgment thereon until April 4, 1955. The defendant is in error as to the time when the action was commenced because he is of the opinion that the action was not commenced until a copy of the complaint was served upon him on April 4, 1955. In fact the action was commenced on March 14, 1955 by the filing of the complaint in the office of the Clerk of this Court. Rule 3, Federal Rules of Civil Procedure 28, U.S.C.A. Nevertheless, the Court construes this second affirmative defense as placing in issue the timeliness of the two assessments and the timeliness of the commencement of this action.

I find that the defendant filed his Federal income tax return on the basis of the calendar year 1944 on or before March 15, 1945 and that he filed his Federal income tax return on the basis of the calendar year 1945 on or before March 15, 1946 as required by the Internal Revenue Code of 1939 as amended,

26 U.S.C.A. § 53(a). Both assessments indicate, and oral testimony further supports a finding, that neither the 1944 nor the 1945 returns were false or fraudulent with intent to evade tax. See Internal Revenue Code of 1939, as amended, 26 U.S.C.A. § 276(a). The Court so finds.

■■ Except in the case of a false or fraudulent return with intent to evade tax or of a failure to file a return, the amount of income taxes must be assessed within three years after the return was filed or within three years after the statutory filing date, whichever of these dates is later in point of time. Internal Revenue Code of 1939, as amended, 26 U.S.C.A. § 275(a), (f). The assessments in question, therefore, should have been made on or before March 15, 1948 (as to the income tax for the calendar year 1944) and on or before March 15, 1949 (as to the income tax for the calendar year 1945). Both assessments were made March 25, 1949, more than three years after the 1944 and the 1945 returns were filed. Each assessment, therefore, was not timely made and cannot form the basis for this action unless, before the expiration of the respective three year periods both the Commissioner and the taxpayer consented in writing to the making of the respective assessments after such time. Internal Revenue Code of 1939, as amended, 26 U.S.C.A. § 276(b). There is no evidence in this case to support a finding that the time to make the respective assessments was so extended. I find that no such extensions were consented to in writing by the Commissioner and the defendant.

■ The right of the plaintiff to collect an income tax, where an assessment has been made, by a proceeding in Court begun within six years after the assessment of the tax, is conditional upon the making of a timely assessment. Internal Revenue Code 1939, as amended, 26 U.S. C.A. § 276(c). United States v. Skolnick, D.C.S.D.N.Y.1957, 149 F.Supp. 703, 705.

The plaintiff offered and there were received in evidence the 1944 and 1945 assessments. Although the plaintiff, in an action to recover a tax, must prove that the tax is due, United States v. Rindskopf, 1882, 15 Otto 418, 26 L.Ed. 1131; Bowers v. American Surety Co., 2 Cir., 1929, 30 F.2d 244, certiorari denied, 1929, 279 U.S. 865, 49 S.Ct. 480, 73 L.Ed. 1003, proof of the assessment is prima facie evidence of the amount of tax due. United States v. Rindskopf, supra. Such proof shifts to the defendant the burden of going forward. The defendant offered, and there was received, evidence in substance to the effect that the defendant is a retired New York City policeman who received in 1944 and 1945 an annual pension of $975; that his only other income during those years was approximately $3,000 per annum. In view of this testimony the Court instructed the plaintiff to go forward to sustain its burden of proof. The plaintiff elected to offer no further evidence but, rather, to rest upon its proof that the two assessments were made on March 25, 1949.

The plaintiff's own evidence established that the assessments were barred by lapse of time. It then became the duty of the plaintiff to sustain the burden of proving that the time within which the assessments could be made had been waived. United States v. Wigmore, D.C.S.D.Cal.1943, 48 F.Supp. 250, reversed on other grounds, United States v. Smith, 9 Cir., 1944, 140 F.2d 110.

The plaintiff has failed to prove its claim on two grounds: (1) it has failed to sustain the burden of proving that the time within which the assessments could be made was waived by the defendant and (2) it has failed to prove by a fair preponderance of the evidence that the taxes so assessed or any parts thereof are due and owing by the defendant.

This opinion constitutes the Court's Findings of Fact and Conclusions of Law.

The defendant is entitled to judgment dismissing the complaint without costs. The Clerk is hereby directed to enter judgment accordingly.