Louis P. Reiben, et al. [1] v. Commissioner. Reiben v. Commissioner
Docket Nos. 58336, 58337, 69075, 69076.
United States Tax Court
T.C. Memo 1959-91; 1959 Tax Ct. Memo LEXIS 164; 18 T.C.M. (CCH) 416; T.C.M. (RIA) 59091; April 30, 1959
Richard W. Wilson, Esq., 515 Madison Avenue, New York, N. Y., for the petitioners. Joseph F. Rogers, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent has determined deficiencies in the income taxes of petitioners and additions to tax under sections 291(a), 293(b), 294(d)(1)(A), and 294(d)(2) of the Internal Revenue Code of 1939 for the years and in the amounts as follows: LOUIS P. REIBEN
Additions to tax under
Sec.
Sec.
Sec. 294
Sec. 294
Docket No.
Year
Income tax
291(a)
293(b)
(d)(1)(A)
(d)(2)
58336
1951
$2,435.46
$1,217.73
$201.96
$134.64
1949
2,557.00
1,303.00
209.79
139.86
69075
1950
1,514.54
$378.64
757.27
151.45
90.87
1952
2,566.14
1,283.07
221.59
151.95
SYLVIA REIBEN
58337
1951
1,996.95
499.24
998.48
199.70
119.82
1949
2,077.81
519.45
1,038.90
207.78
124.66
69076
1950
1,514.54
378.64
757.27
151.45
90.87
1952
1,958.20
489.55
979.10
195.82
117.48
*165 The issues presented for our decision are the correctness of the respondent's action in determining (1) that certain unexplained bank deposits represent income taxable either to Louis P. Reiben or Sylvia Reiben for the years 1949 through 1952; (2) that Louis P. Reiben is not entitled to an exemption claimed by him on his income tax returns for 1949, 1951, and 1952; (3) that Louis P. Reiben is liable for an addition to tax under section 291(a) of the 1939 Code for failure to file an income tax return for 1950; (4) that either Louis P. Reiben or Sylvia Reiben is liable for additions to tax under section 294(d)(1)(A) of the 1939 Code for failure to file a declaration of estimated tax for each of the years in issue; (5) that either Louis P. Reiben or Sylvia Reiben is liable for additions to tax under section 294(d)(2) of the 1939 Code for substantial underestimation of estimated tax for each of the years in issue., and (6) that either Louis P. Reiben or Sylvia Reiben is liable for additions to tax under section 293(b) of the 1939 Code because some part of the deficiency for each of the years in issue was due to fraud with intent to evade tax. The respondent's determination of deficiencies *166 and additions to tax has been asserted against Louis P. Reiben and Sylvia Reiben in the alternative. The respondent conceded at the trial and on brief that in the event we hold the unexplained bank deposits in question to be the taxable income of Louis P. Reiben, there is no deficiency in the income tax of petitioner Sylvia Reiben and she is not liable for additions to tax for any of the years in issue. Respondent further concedes on brief that in the event we sustain his determination of a deficiency and additions to tax against Louis P. Reiben, petitioner is entitled to claim an exemption for his wife for each of the years here involved. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner Louis P. Reiben filed his individual income tax returns for 1949, 1951, and 1952 with the collector at Brooklyn, New York. No income tax return was filed by Louis P. Reiben for 1950. No income tax returns were filed by petitioner Sylvia Reiben, the wife of Louis P. Reiben, for any of the years in issue. No declaration of estimated tax or employee's withholding statement was filed by either of the petitioners for the years 1949 through 1952. Petitioner *167 executed Form 872, consenting to the extension of the period of limitation upon assessment of income tax for the year 1952, to June 30, 1958. Inasmuch as the activities of Louis P. Reiben are those with which we are here primarily concerned, "petitioner" or "Reiben" as hereinafter used has reference to him. During the years here in issue, Reiben was employed as a concessionaire, running gambling wheels and other games for a carnival company. He also received income from similar jobs with bazaars and carnivals and, in addition, he occasionally won money playing cards. The gross income reported by petitioner in his income tax returns for 1949, 1951, and 1952 was as follows: Gross in-
Year
come reported
1949
$2,208.78
1951
1,252.85
1952
2,044.50
Total
$5,506.13
During each of the years in issue, deposits were made in both checking and savings accounts maintained in the name of Sylvia Reiben or in her maiden name of Sylvia Reiss. These accounts were maintained in The National City Bank of New York and the Corn Exchange Bank Trust Company. The total deposits per year were as follows: Year
Amount
1949
$10,346.70
1950
8,173.05
1951
9,102.71
1952
8,400.63
Total
$36,023.09
*168 Opinion At the trial of the instant proceedings the petitioners were represented by counsel, but they did not themselves appear. Petitioners' counsel offered no testimony and has filed no brief. Issue 1. Deficiency It is well established that a determination of a deficiency and additions to tax by the Commissioner is presumed, prima facie, to be correct. United States v. Rindskopf, 105 U.S. 418; Welch v. Helvering, 290 U.S. 111, affirming 63 Fed. (2d) 976, affirming 25 B.T.A. 117; Reinecke v. Spalding, 280 U.S. 227; C. C. Thompson Pottery Co. v. Routzahn, 25 Fed. (2d) 897; Lincoln Chemical Company v. Edwards, 289 Fed. 458. The petitioner herein has failed to produce testimony or other evidence which tends to rebut the presumption of correctness attaching to the respondent's determination. In the absence of such rebuttal evidence the petitioner has completely failed to meet his burden of proof and the deficiency and additions to tax under sections 291(a), 294(d)(1)(A), and 294(d)(2) of the 1939 Code determined against Louis P. Reiben for each of the years here in issue must be presumed *169 to be correct. In view of the respondent's concessions at the trial and on brief, there is no deficiency in the income tax of Sylvia Reiben for any of the years in issue, and she is not liable for additions to tax for any of those years. Issue 2. Fraud The respondent bases his determination of additions to tax for fraud with intent to evade tax under section 293(b) of the 1939 Code against Reiben upon a series of unexplained bank deposits made in the name of his wife, Sylvia Reiben (or Sylvia Reiss), in two different banks over a period of 4 years. Insofar as we are able to determine from the record herein, petitioners kept no books or records whatever. Reiben was a concessionaire, running games and gambling wheels at carnivals and gambling with cards occasionally. He filed no income tax return for 1950. Petitioner Sylvia Reiben filed no income tax returns for any of the years in issue and apparently was not employed during those years. The amount of the bank deposits made in the name of Sylvia Reiben (or Sylvia Reiss) during the 4 years in issue may be compared with the gross income reported by petitioner Louis P. Reiben as follows: Taxable in-
Unexplained total
Year
come reported
bank deposits
1949
$2,208.78
$10,346.70
1950
8,173.05
1951
1,252.85
9,102.71
1952
2,044.50
8,400.63
Total
$5,506.13
$36,023.09
*170 It is apparent from the foregoing schedule that the bank deposits made in the name of petitioner's wife during the 4-year period here involved reached a total which was approximately 7 times the amount of gross income reported by Reiben on his returns. The petitioners have not offered an explanation of these bank deposits. Moreover, the respondent's agent testified at the trial herein that petitioner Louis P. Reiben had admitted to him that he (Reiben) received income from various forms of gambling and from his employment at bazaars and carnivals in New York City which he had failed to report on his income tax returns. We are convinced from the circumstances disclosed by the record herein that the bank deposits in question represent current income. Goe v. Commissioner, 198 Fed. (2d) 851, affirming a memorandum opinion of this Court, [10 TCM 307], certiorari denied 344 U.S. 897; Hague Estate v. Commissioner, 132 Fed. (2d) 775, affirming 45 B.T.A. 104. Petitioner's employment and gambling activities constitute a likely source of the unexplained bank deposits. See Holland v. United States, 348 U.S. 121. *171 In view of the nature of petitioner's activities, his failure to produce any evidence with respect to his income or lack of it, and the apparent absence of books and records, it is impossible to establish with exactness the amount of income those activities were capable of and did produce. Relatively large bank deposits as compared with small amounts of gross income disclosed by the taxpayer's income tax returns have been held to constitute substantial evidence that those returns were fraudulent. Goe v. Commissioner, supra; Gleckman v. United States, 80 Fed. (2d) 394, certiorari denied 297 U.S. 709; Russell C. Mauch, 35 B.T.A. 617 aff'd 113 Fed. (2d) 555. A strong indication of petitioner's intention is found in the consistent pattern of understatements of income over a period of 4 years. For the years 1949, 1951, and 1952, petitioner understated his gross income on his Federal income tax returns in amounts ranging from $6,356.13 to $8,137.92 each year. As stated above, no return was filed by Reiben for 1950. Unexplained bank deposits in the amount of $8,173.05 were made in 1950, none of which was reported. The understatements *172 of income were so consistent and of sufficient magnitude as to preclude the inference that they were omitted due to oversight. Accordingly, on the basis of petitioner's admission that he failed to report all of his income for the years in issue in his income tax returns for those years, the pattern of large unexplained bank deposits for each of the years involved, the consistent understatements of income over a 4-year period, and the failure to keep books and records, we are convinced that some portion of the deficiency determined in petitioner's income tax for each of the years was due to fraud with intent to evade tax. See Arlette Coat Co., 14 T.C. 751. Decisions will be entered under Rule 50. Footnotes
1. The cases of the following petitioners are consolidated herewith: Sylvia Reiben, Docket No. 58337; Louis P. Reiben, Docket No. 69075; and Sylvia Reiben, Docket No. 69076.↩