Harmon E. FRYE, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 67 C 345(1).

United States District Court
E. D. Missouri, E. D.

April 21, 1969.

Shaw, Hanks & Bornschein, Clayton, Mo., for plaintiff.

Daniel R. O'Neill, Asst. U. S. Atty., James E. Reeves, U. S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM OPINION

HARPER, Chief Judge.

On November 26, 1965, the Commissioner of the Internal Revenue Service assessed against the plaintiff the sum of $7,731.05 for unpaid wagering excise taxes pursuant to section 4401 of the I.R.C. (26 U.S.C.A. § 4401). That amount constituted the sum of the delin-

quent tax of $4,523.01, plus a fifty percent fraud penalty of $2,261.50, plus interest to the day of assessment of $946.-54. At the same time, the sum of $21.49 was assessed against the plaintiff pursuant to section 4411 I.R.C. (26 U.S.C.A. § 4411) constituting the basic occupational excise tax of $12.50 plus the fifty percent fraud penalty of $6.25 and interest of $2.74. The wagering excise tax was assessed for activities of the plaintiff from April 4, 1962, to April 18, 1962, and the occupational excise tax for the period April 1, 1962, to June 30, 1962. Plaintiff paid the full assessment made in relation to the occupational excise tax ($21.49). He further paid the sum of $78.51 toward the wagering excise tax assessment. Having so paid those amounts, plaintiff filed this suit for the recovery of the sums paid and abatement of the balance due.

The United States thereupon filed its counterclaim seeking judgment for the total of the tax, interest and penalties assessed but as of yet uncollected.

Jurisdiction is based on 28 U.S.C.A. § 1346(a) (1), 26 U.S.C.A. § 7422(a), and 26 U.S.C.A. § 7403. See e.g., Flora v. United States, 362 U.S. 145, 175 at footnote 38, 80 S.Ct. 630, 4 L.Ed.2d 623; Steele v. United States, 280 F.2d 89; Compton v. United States, 4 Cir., 334 F.2d 212; Vuin v. Burton, 6 Cir., 327 F.2d 967, 970; United States v. Molitor, 9 Cir., 337 F.2d 917.

From the evidence adduced by plaintiff at the trial on this matter it is apparent that plaintiff contests only his personal liability for the tax assessed, in that he claims that he is not a person liable under section 4401(c) and Reg. 44, 4401–2(b) and sections 4411 and 4412. Contrary to the claim, the evidence discloses that the plaintiff is liable as a person who was engaged in the business of accepting wagers at the time involved and is, therefore, liable for both taxes assessed.

Plaintiff's evidence consisted of his own testimony in which he rather categorically denied that he was, at the time in question, in the business of accepting wagers or placing them for or on behalf of himself or another. Plaintiff's testimony is not entitled to much belief. His testimony was flatly contradicted by the testimony of three police officers and by the record of his pleas of guilty in the St. Louis County and City of Jennings courts to charges of possession of gambling paraphernalia. For example: Plaintiff testifed that he installed a second phone for his son's use and that it was billed to him. However, this was done at a time when one Houston, a known gambler, began to visit the house, and facts obtained contemporaneously with his arrest reveal that the phone was issued to one Corson, also a known gambler, and was billed to plaintiff's wife. Plaintiff further testified that the phones rang only occasionally, that is, once or twice a day.

The evidence discloses that the Intelligence Unit of the St. Louis County Police force was informed that gambling operations were being conducted at the plaintiff's house. They began an investigation. Surveillance and the discovery of betting slips in the trash led to a search warrant and the house was entered and searched on April 18, 1962. Police entered the house and arrested William Corson, Frank Houston, and this plaintiff. A search of the premises revealed betting tabs, tally sheets, race results, et cetera. Further, two extension phones were found in the basement on the same table, these extensions having been installed by other than the telephone company. The officers while in the house on this occasion recorded bets placed by persons unknown on these telephones and said phones rang repeatedly, almost exclusively for the purpose of placing bets. By comparing the information given to them on these phones with the following day's race results in the local newspapers the police confirmed that the bets so recorded on the phones were placed on horses scheduled to run on that day.

In short, the testimony of the police officers, combined with the physical evidence they obtained, completely contra-

dicts the plaintiff. In view of that testimony and the multiple inconsistencies in plaintiff's testimony, and the pleas of guilty, the plaintiff's position is without merit. On the contrary, the testimony of the police officers, the physical evidence and the reasonable inferences therefrom, clearly demonstrate that the plaintiff was in fact in the business of accepting wagers for himself, or for Corson and Houston, two known gamblers.

The plaintiff has wholly failed to meet his burden of proof that the assessments were incorrect. At the same time, taking into account the presumption of the correctness of the assessment of the Commissioner, the government has met its corresponding burden in its counterclaim. See, e.g. United States v. Rindskopf, 105 U.S. 418, 26 L.Ed. 1131; General Bancshares Corp. v. Commissioner of Internal Revenue, 8 Cir., 326 F.2d 712; United States v. Strebler, 8 Cir., 313 F.2d 402. It should however be noted that at the trial of the matter and then again in its brief, the United States conceded a lack of evidence upon which to base the fraud penalties assessed, and for that reason those assessments are deemed incorrect and will be deleted.

Judgment will, therefore, be entered against the plaintiff and in favor of the defendant on the plaintiff's complaint and judgment will be entered in favor of the defendant and against the plaintiff on the defendant's counterclaim. Said judgment shall be in the amount of $4,-523.01, being the amount of tax assessed, with interest from April 18, 1962, at the rate of six percent. The amount of the fraud penalty paid on the assessment of occupational excise tax and the payment on March 17, 1966, of $78.51, shall be applied to the total due under the judgment on the wagering excise tax. Costs will be taxed against the plaintiff.

The court adopts the memorandum opinion as its findings of fact and conclusions of law, and the clerk will pre-pare and enter the proper order giving judgment to the United States on its counterclaim in the amount of $4,523.01 plus interest at six percent from April 18, 1962, less $78.51 paid on March 17, 1966 and $6.25 paid January 7, 1966.