**Orris C. RUTH, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 83 C 8497.

United States District Court, N.D. Illinois, E.D.

April 21, 1986.

Michael G. Boylan, Geneva, Ill., for plaintiff.

Linda A. Wawzenski, Asst. U.S. Atty., Joseph Cammarata, Dept. of Justice, Washington, D.C., for defendant.

Peter B. Shaffer, Chicago, Ill., for Lowell C. Babcock.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

Plaintiff, Orris Ruth (Ruth), brought this action to contest an Internal Revenue Service (IRS) tax assessment. As is the common practice in these cases, plaintiff paid a small amount of the assessment and sued for a refund. The government counterclaimed for the remainder of the assessment.

The assessment is based on the IRS's finding that plaintiff was a "responsible person" at Custom Packaging, Inc. who willfully failed to collect, truthfully account for, and pay over certain employee withholding and Federal Insurance Contribution Act (FICA) taxes in violation of § 6672 of the Internal Revenue Code. The court

held a jury trial in this matter and a verdict was returned in the government's favor. Plaintiff moves for a new trial.

Plaintiff contends the court misconstrued the burden of proof in this case. As a result, argues plaintiff, the court issued an erroneous jury instruction and verdict form, and wrongly refused to admit into evidence certain portions of the IRS manual and testimony of an IRS revenue officer.

## I. *Discussion*

The court ruled at the outset of the trial that once the assessment was introduced into evidence, plaintiff bore the burden of proof on both his claim and the government's counterclaim. With regard to his claim, plaintiff contends the assessment is *prima facie* correct, but that once he introduces evidence attacking the assessment, the burden of proof shifts to the government to prove the assessment is correct. Plaintiff asserts the government bears the burden of proof on its counterclaim.

In support of his argument, plaintiff cites *United States v. Rindskopf,* 105 U.S. (15 Otto) 418, 26 L.Ed. 1131 (1881), and *United States v. Molitor,* 337 F.2d 917 (9th Cir.1964). In *Rindskopf,* the United States brought suit against third party sureties on a distiller's bond, a condition of which was the principal's compliance with all relevant law. The United States alleged breach of this condition based on the principal's non-payment of assessed taxes. Plaintiff apparently relies on the Court's approval of a jury instruction which, in part, explained that the assessment was *prima facie* correct, but that upon the taxpayer's introduction of evidence attacking the assessment, the burden of proof returned to the government.

This discussion is *dicta.* The Court held only that it was error for the trial court to instruct the jury that it could only uphold the assessment in full, or strike it down in full. Further, *Rindskopf* does not specifically address the burden of proof under § 6672. Nor does it arise under the same posture as this case (taxpayer as plaintiff and counterclaim defendant). This is im-

portant because, while this case involves essentially one issue, whether plaintiff was a responsible person who willfully failed to pay over witholding taxes, plaintiff's argument requires a shifting burden of proof with regard to his claim and a static burden of proof with regard to the counterclaim. That is, under plaintiff's theory, both sides bear the burden of proof on the essential issue in the case. This confusing prospect did not face the Court in *Rindskopf* and *Rindskopf* does not require such an awkward result.

*Molitor* is the only § 6672 case cited by plaintiff which relies on *Rindskopf. Molitor,* however, exemplifies the fact that bad lawyers make bad law. Therein, the United States and the taxpayer agreed that the government bore the burden of proof on its counterclaim. The court, therefore, paid little attention to this element of the case. Rather, it focused on whether the taxpayer had proffered sufficient evidence attacking the assessment to overcome the government's *prima facie* evidence. It was in this context that the court cited *Rindskopf.*

Apart from the aberrant *Molitor* case, the courts have uniformly placed the burden of proof in § 6672 cases on the taxpayer, with respect to both the claim and the counterclaim. That is, once the assessment is introduced, it is presumed correct and conclusively establishes the taxpayer's liability. To overcome this presumption, the taxpayer must show *by a preponderance of the evidence* that he was not a responsible person or did not act willfully. If he does so, the government must produce evidence supporting the assessment. The burden of proof, however, always remains with the taxpayer. *See Sinder v. United States,* 655 F.2d 729, 731 (6th Cir.1981) (per curiam) (distinguishing *Molitor*); *Fidelity Bank, N.A. v. United States,* 616 F.2d 1181, 1186 (10th Cir.1980); *Bolding v. United States,* 565 F.2d 663, 672 (Ct.Cl.1977) (per curiam); *Anderson v. United States,* 561 F.2d 162, 165 (8th Cir. 1977); *Liddon v. United States,* 448 F.2d 509, 513–514 (5th Cir.1971), *cert. denied* 406 U.S. 918, 92 S.Ct. 1769, 32 L.Ed.2d 117 (1972); *Psaty v. United States,* 442 F.2d

1154, 1160 (3rd Cir.1971); *Lesser v. United States,* 368 F.2d 306, 310 (2d Cir.1966) (en banc); *Fitzgerald v. United States,* 407 F.Supp. 1132, 1136 (E.D.Ky.1976); *Abrams v. United States,* 333 F.Supp. 1134, 1146 (S.D.W.Va.1971); *Datlof v. United States,* 252 F.Supp. 11, 32 (E.D.Pa.1966); *Sherwood v. United States,* 246 F.Supp. 502, 507 (E.D.N.Y.1965).

This is the better view. It avoids an unwieldy and confusing result and is supported by strong policy considerations. As the Second Circuit made clear in *Lesser:*

> The result of the rule [placing the burden of proof on the government] ... would be to encourage taxpayers to wait for the government to sue. If such a rule were adopted the tax bar would quickly move to make the task of the government more difficult by advising clients not to pay taxes under protest but, by forcing the government to collect by levy and suit, secure the advantage of shifting the burden of proof.

*Lesser,* 368 F.2d at 310. *See also Psaty,* 442 F.2d at 1160 ("[T]he presumption appropriately requires that corporate officers explain their failure to perform duties imposed upon them by law. Where a presumption owes its origin, as here, to an important public policy, it should operate to fix the burden of persuasion, as well as the burden of going forward.")

In sum, the court correctly placed the burden of proof on the plaintiff and the jury instruction and verdict form which set forth this burden of proof were proper.[1]

 Finally, plaintiff proffered the revenue agent's testimony and the IRS manual to show some sort of procedural irregularity in the assessment. This case is not one of administrative review. To successfully attack the assessment, plaintiff had to show that he was not a responsible person or that he did not act willfully in failing to pay over the witholding taxes. *See Sinder,*

655 F.2d at 731; *Anderson,* 561 F.2d at 165. The proffered evidence is not probative of this issue and was therefore properly excluded.

## II. Conclusion

For the foregoing reasons, plaintiff's motion for a new trial is denied.

---

1. Plaintiff, apparently as an afterthought, takes issue with the court's issuance of Defendant's Instruction # 26, which explains that, once a responsible person has actual notice that these taxes are in arrears, he may not avoid liability by delegating responsibility for their payment. Plaintiff does not press this point in his memoranda, and the court is satisfied that its instruction correctly states the law. *See Mazo v. United States,* 591 F.2d 1151, 1157 (5th Cir.1979) (affirming grant of summary judgment in the government's favor), *cert. denied sub nom. Lattimore v. United States,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979).